BENJAMIN G. SIMS, PLAINTIFF IN ERROR, *v.* THOMAS HUNDLEY.

The decisions of this court in Groves *v.* Slaughter, 15 Peters, 449, and Rowan *v.* Runnels, 5 Howard, 134, again affirmed.

The continuance of a cause, or the refusal to continue it, rests in the sound discretion of the court in which the motion is made, and cannot be reviewed by writ of error. This, also, has been long settled.

Under the statutes of Mississippi, a protest of promissory notes, and statement of notices given to the parties, being certified under the notarial seal and verified by the affidavit of the notary, may be read in evidence. It is not necessary to introduce the notary, personally, to testify.

Under a plea of *non assumpsit*, testimony cannot be received relating to the residence of a party and bearing upon the jurisdiction of the court.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Southern District of Mississippi.

In 1835, the following notes were executed : —

$ 4,000. *Port Gibson, 2d May*, 1835.

On the fifteenth day of February, eighteen hundred and thirty-seven, I promise to pay, to the order of Passmore Hoopes, four thousand dollars, value received, negotiable and payable at the office of the Planters' Bank at Port Gibson.

H. N. SPENCER.

Indorsed: Passmore Hoopes, Benj. G. Sims.

$ 5,169. *Port Gibson, May 2d*, 1835.

Twelve months after the fifteenth February, 1836, I promise to pay, without defalcation, to the order of Passmore Hoopes, five thousand one hundred sixty-nine dollars, value received, negotiable and payable at the office of the Planters' Bank at Port Gibson. H. N. SPENCER.

Indorsed: Passmore Hoopes, Benj. G. Sims.

$4,000.                                     *Port Gibson, 2d May, 1835.*

On the fifteenth day of February, eighteen hundred and thirty-eight, I promise to pay, to the order of Passmore Hoopes, four thousand dollars, value received, negotiable and payable at the office of the Planters' Bank at Port Gibson.

H. N. SPENCER.

Indorsed: Passmore Hoopes, Benj. G. Sims.

*Port Gibson, May 2, 1835.*

Twelve months after the 15th February, 1837, I promise to pay, without defalcation, to the order of Passmore Hoopes, five thousand one hundred sixty-nine dollars, value received, negotiable and payable at the office of the Planters' Bank at Port Gibson.                                     H. N. SPENCER.

Indorsed: Passmore Hoopes, Benj. G. Sims.

$3,907.17.                          *Clinton, December 14th, 1835.*

On the first day of January, eighteen hundred and thirty-eight, I promise to pay Thomas Hundley three thousand nine hundred and seven dollars and seventeen cents, for value received.                                     BENJ. G. SIMS.

All these notes came into the possession of Thomas Hundley.

In April, 1838, Hundley brought a suit in the Circuit Court, upon all the notes, against Sims, the plaintiff in error.

At May term, 1838, Sims, the defendant, filed two pleas, 1. *non assumpsit*, and 2. that the notes were passed to Hundley for the purchase of slaves illegally introduced into the State, in contravention of the second section of the seventh article of the constitution.

The plaintiff joined issue upon the first plea and demurred to the second. The court sustained the demurrer, and the cause went to trial upon the general issue plea.

When the cause was called for trial, the defendant moved for a continuance, and filed an affidavit, which it is unnecessary to state; but the court refused the continuance, to which refusal the defendant excepted.

The bill of exceptions then proceeds as follows: —

The plaintiff then produced the following record of a protest of the said note for $5,169, which said record is in the words and figures following, to wit: —

State of Mississippi, Claiborne County, ss:

I, William M. Randolph, notary public, branch Planters' Bank, Port Gibson, duly commissioned and qualified according

to law, and residing in said town, do hereby certify, that on the eighteenth day of February, 1837, I went to the branch Planters' Bank at Port Gibson, and then and there presented for payment the original note, of which the following is a true copy:

$ 5,169.                               *Port Gibson, May 2d,* 1842.

Twelve months after the 15th February, 1836, I promise to pay, without defalcation, to the order of Passmore Hoopes, five thousand one hundred and sixty-nine dollars, value received, negotiable and payable at the office of the Planters' Bank at Port Gibson.                    H. N. SPENCER.

Indorsed, — PASSMORE HOOPES,
            BENJ. G. SIMS,
            THOS. HUNDLEY.

And I then and there demanded payment of the said note, according to the tenor and effect, and was answered by the teller of the said bank, that the said note would not be paid, and that no funds were deposited in said bank for that purpose; and the said note was not paid by any person, when payment thereof was demanded as aforesaid. Whereupon, I protested said note for non-payment, and notified the parties thereto of said demand, non-payment, and protest, and that the holder of said note looked to them for payment thereof, which notices were given at the time and in the manner following, to wit: — (Copies annexed.)

For Passmore Hoopes, written notice of the above tenor was handed to him at his store in Port Gibson.

For Benjamin G. Sims, a written notice of the same tenor was put in the post-office at Port Gibson, on the same day, directed to him at Clinton, Mi. Which facts, then and there noted by me on my official record, constitute, as herein set forth, a full and true record of all that was done by me in the premises.

[L. S.]     In testimony whereof, I have hereunto set my hand and affixed my official seal, this 1st day of June, 1838.
                    WM. M. RANDOLPH, *Notary Public.*

State of Mississippi, Claiborne County:

Personally appeared before the undersigned, justice of the peace for said county, the above-named Wm. M. Randolph, who made oath, that the foregoing record and certificate contain the truth, to the best of his knowledge and belief.
                    WM. M. RANDOLPH.

Sworn to before me, this 1st day of June, 1838.
                    LEWIS CRONLY, *J. P.* [SEAL.]

NOTICES.

*Port Gibson, 18th February,* 1837.

BENJ. G. SIMS :

Please to take notice, that a note drawn by H. N. Spencer, in favor of Passmore Hoopes, for the sum of $ 5,169, and dated 2d day of May, 1835, was this day protested by me for non-payment, and that the holder looks to you for payment as indorser thereof.    Respectfully,

WM. M. RANDOLPH, *Notary Public.*

*Port Gibson, 18th February,* 1837.

P. HOOPES :

Please to take notice, that a note drawn by H. N. Spencer, in your favor, for the sum of $ 5,169, and dated the 2d day of May, 1835, was this day protested by me for non-payment, and that the holder looks to you for payment as indorser thereof.    Respectfully,

WM. M. RANDOLPH, *Not. Pub.*

To the introduction of which the defendant, by his attorney, objected, which objection the court overruled, and adjudged the said record sufficient ; to which opinion the defendant, by his attorney, excepts ; and thereupon the other records of protest on said notes of Spencer, indorsed by defendant, were produced and read, and the same being identical in substance with the preceding, it is agreed said exception shall apply to them also ; the plaintiff then read said records, proved that said notes were protested on the proper day, and the notices directed to the proper place, and rested his case.

The defendant then offered to prove all the facts stated in his second plea, but the court refused to hear the proof; to which refusal the defendant excepts.    The defendant then produced a witness, who proved that the plaintiff in this cause had been known to him about four years last past, during all which time he had resided in (this) Hinds county, Mississippi, and that he had considered, and did then consider, him a resident citizen of the State of Mississippi ; and the defendant was proceeding to call another witness, Mr. Cook, deputy-marshal, further to prove the same facts, when the testimony was objected to by the attorney of the plaintiff, upon the ground that it could not be heard under the issue now on trial; which objection the court sustained, and excluded all testimony as to proof of plaintiff's citizenship ; to which decision of the court, ruling out said proof that the plaintiff was a citizen of the State of Mississippi, under said plea of *non assumpsit,* the defendant, by attorney, excepts ; and thereupon the jury re-

turned a verdict for the plaintiff; and said exceptions, being found conformable to the facts and the agreement of the parties, are signed, sealed, and ordered to be made of record in the cause.　　　　　　　　　　　　GEORGE ADAMS,　[L. S.]
*Judge of the U. S. for D. Miss.*

Upon this bill of exceptions the case came up to this court.

It was argued by *Mr. Bibb,* for the plaintiff in error, no counsel appearing for the defendant in error.

*Mr. Bibb* said, that, after the decisions of this court upon the subject-matter of the second plea, as to the meaning of the constitution of Mississippi, he would not argue its sufficiency. But he insisted that the objection made to the evidence offered by the plaintiff, Hundley, of the mere record made out by the said notary, was improperly overruled by the court.

The notary himself, resident of the town and State wherein the protest was made, and wherein the trial was had, ought to have been introduced to testify; and his certificate of protest of an inland bill, of the same State, wherein the parties all lived, and wherein the trial was had, was not legal and sufficient evidence. On this point the cases of Townsley *v.* Sumrall, 2 Peters, 180, and Chesmer *v.* Noyes, 2 Campbell's Rep. 129, are relied on as conclusive.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought up by writ of error directed to the Circuit Court of the United States for the Southern District of Mississippi, upon a judgment obtained by the defendant in error against the plaintiff for the amount of four notes, dated May 2, 1835, indorsed by the plaintiff in error to the defendant; and also for one other note drawn by the former in favor of the latter, dated December 14, 1835.

It appears by the record that three questions of law were raised at the trial, which are now before this court upon the writ of error, the testimony as to the residence of the plaintiff upon the plea of *non assumpsit* having been properly refused.

The first point relied on as a defence to the action was, that the notes above mentioned were all indorsed and delivered by Sims to Hundley in payment for slaves brought by Hundley into the State of Mississippi as merchandise, and there sold to Sims; and that the sale of slaves so brought into the State was prohibited by the constitution of Mississippi, and the contract therefore illegal and void.

This question was decided in the case of Groves *v.* Slaugh-

1 *

ter, 15 Pet. 449, and again in the two cases of Rowan v. Runnels, at the last term, 5 Howard, 134. And it is the settled law in this court, that contracts of this description, made at the time when these notes bear date, were valid, and not prohibited by the constitution of Mississippi.

The point next in order is presented by the exception taken to the refusal of the court to continue the case to another term, upon the affidavit filed by the plaintiff in error. But this point, also, has been long settled; and it has always been held in this court, that the continuance of a cause, or the refusal to continue, rests in the sound discretion of the court in which the motion is made, and cannot be reviewed by writ of error. Marine Ins. Co. of Alexandria v. Hodgson, 6 Cranch, 206, 217, 218.

The remaining point, and the only one relied on in the argument here, is the exception taken to the admission in evidence of the protest and statement of notices given to the plaintiff in error, — the said protest and statement being certified under the notarial seal, and verified by the affidavit of the notary. This, however, like the two preceding points, has been already decided by this court; and this case cannot be distinguished from the case of Brandon v. Loftus, 4 Howard, 127.

It is true, that, upon general principles of commercial law, the certificate would not be admissible. But it is made evidence by the statute of Mississippi, and the rules of evidence prescribed by the statute of a State are always followed by the courts of the United States, when sitting in the State, in commercial cases as well as in others.

The judgment of the Circuit Court is therefore affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be and the same is hereby affirmed, with costs and damages at the rate of six per centum per annum.