## TEXAS & P. RY. CO. v. NELSON.

*(Circuit Court of Appeals, Fifth Circuit. May 30, 1892.)*

No. 25.

1. CONTINUANCE — ABSENCE OF WITNESSES — DISCRETION OF COURT — STATE PRACTICE NOT FOLLOWED—REV. ST. § 914.

    A continuance because of the absence of material witnesses rests within the discretion of the circuit court, without regard to the practice of the state courts, notwithstanding the statute conforming the practice and procedure of the circuit courts to that adopted in the courts of record of the state where such court is held, because the mode of summoning witnesses and taking testimony in the courts of the United States is regulated by statutes of the United States.

2. PLEADING—EVIDENCE—ACCIDENT AT RAILWAY CROSSING.

    In an action for personal injuries sustained at a railway crossing, defendant alleged contributory negligence on the part of the plaintiff in failing to stop, look and listen for the approaching train. *Held,* that plaintiff could testify that several people, who were in the wagon with him at the time of the accident, did not make any outcry indicating that a train was approaching.

3. RAILROAD COMPANIES—MUNICIPAL REGULATIONS—RINGING BELL.

    Under section 80 of the charter of the city of Ft. Worth the city council is empowered "to direct the use and regulate the speed of locomotive engines in said city, or to prevent or prohibit the use or running of the same within the city." *Held,* that the city council were authorized under this section to enact an ordinance prohibiting the running of an engine or car in said city without a bell attached thereto being rung before starting, and all the time the same should be in motion within such city.

Error to the Circuit Court of the United States for the Northern District of Texas. Affirmed.

*W. W. Howe, R. S. Lovett, Henry Finch,* and *George Thompson,* for plaintiff in error.

*M. L. Crawford,* for defendant in error.

Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

PARDEE, Circuit Judge. The defendant in error, B. F. Nelson, instituted a suit in the district court of Tarrant county, state of Texas, against the Texas & Pacific Railway Company, to recover damages for personal injuries suffered by the said Nelson in being run over by one of the locomotives of the railway company at a railway crossing in the city of Ft. Worth. The railway company appeared in the state court, filed a demurrer and answer to the petition, and thereupon, by a proper petition and bonds, removed the case into the circuit court of the United States for the northern district of Texas. After transcript filed in the circuit court, the railway company filed its first amended original answer, wherein it demurred to the sufficiency of the plaintiff's petition, then excepted to the sufficiency thereof, and for special answer said:

"That, if plaintiff received any of the injuries alleged, same were caused and occasioned by reason of his own carelessness and want of care in failing to

stop and look and listen for the approaching train; and defendant avers that said plaintiff had full opportunity to see and observe the approach of the moving train, but it says that, by reason of the said negligence and want of care, plaintiff cannot recover."

This cause came on thereafter for trial before a jury, and resulted in a verdict for the plaintiff and against the defendant railway company in the sum of $4,500. Judgment was entered on the verdict, and a motion for a new trial was overruled, whereupon the railway company brought the case to this court by a writ of error.

The first assignment of error is waived. The second assignment of error is:

"That the court erred in overruling the application of the railway company for the continuance on account of absence of witnesses, W. P. Burts, J. J. Goodfellow, and J. T. Fields, because said application showed full and sufficient grounds for a continuance."

The bill of exceptions in relation to this matter recites:

"This cause was called for trial on the 20th of January, 1892, whereupon plaintiff announced 'Ready,' and defendant, the Texas & Pacific Railway Company, announced that it was not ready, and moved the court for a continuance until next term. Plaintiff waiving a written motion, but demanding a strict showing for a continuance, defendant, through its attorney, George Thompson, stated that it was not ready for trial, for want of the testimony of W. P. Burts, J. J. Goodfellow, and J. T. Fields; that said witnesses are material, and were absent without the procurement or consent of defendant; that said witnesses resided in Tarrant county, Tex.; that defendant had exercised due diligence to obtain the testimony of said witnesses, in this: that on the 14th day of January, 1892, it caused to be issued out of said court a subpœna for said witnesses, which was duly served upon them, as appeared by said subpœna; that this was the first application of the defendant for a continuance; and that the testimony of said witnesses could be procured by next term of court. Upon fully considering said motion and application, the court determined the same insufficient, and not well taken, in that it did not show that said witnesses had been tendered their witness fees and mileage, the said witnesses by said application being shown to reside beyond the limits of the county in which the court was sitting; and said application was thereupon overruled, and the cause went to trial, to which defendant excepted."

The continuance of a cause at issue is a matter of discretion, and a refusal thereof is not assignable for error. *Woods* v. *Young*, 4 Cranch, 237; *Sims* v. *Hundley*, 6 How. 1; *Barrow* v. *Hill*, 13 How. 54; *Thompson* v. *Selden*, 20 How. 195; *McFaul* v. *Ramsey*, 20 How. 523; *Cook* v. *Burley*, 11 Wall. 659. It is suggested that since the above decisions were rendered the act of June 1, 1872, (Rev. St. U. S. § 914,) has been passed, conforming the practice and procedure of the circuit courts to that adopted in the courts of record of the state where such circuit court is held; and that, therefore, the decisions referred to can have no application to the question here raised. And it is contended that under the practice in the courts of Texas (Rev. St. Tex. arts. 1276, 1277) the granting or refusal of the first application for a continuance is not a matter of discretion where the applicant for the continuance complies with the terms of said article; citing *Cleveland* v. *Cole*, 65 Tex. 404; *Chilson* v. *Reeves*, 29 Tex. 279,—

which seem to sustain the contention as to the practice in the courts of Texas. It is, however, to be noticed that the mode of summoning wit-- nesses and taking testimony in the courts of the United States is regulated by statutes of the United States, and therefore the practice in the state courts in relation to such matters does not apply. See sections 876, 877, 914, Rev. St. And the question of diligence in summoning witnesses and procuring testimony should be tested by the laws of the United States rather than by the practice in the state courts. The case of *McFaul* v. *Ramsey, supra*, is cited with approval in the case of *Kennon* v. *Gilmer*, 131 U. S. 22–24, 9 Sup. Ct. Rep. 696, in which the court says:

"By the statutes of the territory the court may, on good cause shown, change the place of trial, where there is reason to believe that an impartial trial cannot be had therein; and an appeal lies to the supreme court of the territory from an order granting or refusing a new trial, or from an order granting or refusing to grant a change of venue. Code Civil Proc. Mont. 1879, §§ 62, 408; Act Amend. Feb. 23, 1881, § 7. But the statutes of the territory cannot enlarge the appellate jurisdiction of this court. The granting or denial of a change of venue, like the granting or refusal of a new trial, is a matter within the discretion of the court, not ordinarily reviewable by this court on writ of error. *McFaul* v. *Ramsey*, 20 How. 523; *Kerr* v. *Clampitt*, 95 U. S. 188; *Railway Co.* v. *Heck*, 102 U. S. 120. And the refusal to grant a change of venue on the mere affidavit of the defendants' agent of the state of public opinion in the county clearly involves a matter of fact and discretion, and is not a ruling upon a mere question of law."

In the case of *Cox* v. *Hart*, 12 Sup. Ct. Rep. 962, (decided on the 16th of the current month, and not yet officially reported,) the supreme court again decides generally that the granting or refusing of an application for continuance is not reviewable on error.

In the courts of the United States motions for a new trial are addressed to their discretion, and the decision, whatever it may be, cannot be reviewed on appeal or writ of error. "This is a rule of law established by this court, and not a mere matter of proceeding or practice in the circuit and district courts. *Henderson* v. *Moore*, 5 Cranch, 11; *Doswell* v. *De Lalanza*, 20 How. 29; *Schuchardt* v. *Allens*, 1 Wall. 371. It is therefore not within the act of congress of June 1, 1872, and cannot be affected by any state law upon the subject." *Railroad Co.* v. *Horst*, 93 U. S. 291– 301. In *Thompson* v. *Selden, supra*, the chief justice, delivering the opinion of the court, says:

"And, as regards the motion to continue the case, it has often been decided by this court that the refusal of an inferior court to continue a case to another term cannot be assigned for error here. Justice requires that the granting or refusal of a continuance should be left to the sound judicial discretion of the court where the motion is made, and where all of the circumstances connected with it, and proper to be considered, can readily be brought before the court."

We think that the reasoning which applies to motions for a new trial and changes of venue applies with equal, if not more, force to applications for continuance.

Some stress is laid upon the first rule of court, (first rule of the circuit court, northern district of Texas,) as follows:

"All laws and rules of procedure and practice prescribed by the legislature of the state of Texas as they now exist, or as they may be changed and amended from time to time, when the same do not conflict with the laws of the United States, or a rule of the supreme court of the United States or of this court, are hereby adopted as the rule of practice in this court," etc.

A reading of the said rule shows that it is not as broad as the practice act, (Rev. St. § 914,) and we are disposed to think that it need not be considered.

The third assignment of error is based upon the following bill of exceptions:

"Plaintiff, Nelson, testified that he approached the crossing, going from east to west, and that the train which caused the injury was running northerly, and that the street and railway tracks cross each other at right angles; that, while approaching the crossing, and until the time of the injury, he looked and listened and did his best to ascertain whether or not a train was approaching, but that he could not do so because of deep cuts, embankments covered with weeds, and obstructions, shutting out the view. He testified also that one Mrs. Butler and her two children and his wife were in the wagon with him at the time of the injury. Plaintiff's counsel then asked this question: 'State whether or not any of those in the wagon with you made any outcry indicating that a train was approaching.' To this question defendant objected, solely for the reason that the same was incompetent, whereupon the court decided that the same was material, overruled the objection, and allowed the plaintiff to answer that no one made any outcry indicating that a train was approaching."

The plaintiff's petition alleged that when he approached the crossing he did not, nor could he, see said railway track on each side thereof, and especially looking southward; nor did he, nor could he, see said approaching train until he was almost upon said crossing and railway, on account of the high embankments on either side of said crossing, covered with weeds and other growth, fences, houses, and other obstructions to the view. The defendant, by a special answer, put in issue contributory negligence on the part of the plaintiff in failing to stop, and look and listen for the approaching train. In the light of these pleadings, and the testimony showing that at the time of plaintiff's injury other persons were in the wagon with him, we are unable to see any point whatever in the objection made to the plaintiff's stating whether any of those in the wagon with him made an outcry indicating that a train was approaching. If the defendant intended or proposed to offer evidence to show that the plaintiff was warned as to the approach of the coming train, then the evidence was decidedly material. On the other hand, if defendant made no such contention, we fail to see how the answer to the question propounded could at all prejudice the defendant railway company.

The fourth assignment of error is:

"That the court erred in allowing the plaintiff to introduce any evidence over defendant's objection to section 259 of the Revised Criminal Ordinances of the city of Ft. Worth, Texas, prohibiting the moving of an engine within the city limits of the city of Ft. Worth, Texas, without a bell being rung on the same, because it appeared that said ordinance was void and invalid, in that

the said city council of said city had no power to pass such an ordinance under the charter of the said city of Ft. Worth."

The bill of exceptions under which this assignment of error is made shows that the injury to plaintiff occurred within the corporate limits of the city of Ft. Worth; that the train was running at a higher rate of speed than was permitted by the city ordinances. There was testimony that tended to prove that the bell was being rung and the whistle blown. There was also testimony tending to prove that no bell was rung or whistle blown. Section 259 of the Revised Criminal Ordinances of the city of Ft. Worth prohibits the running of an engine or car in said city without a bell attached thereto being rung before starting, and all the time the same shall be in motion therein. Section 80 of the charter of the city of Ft. Worth, among other powers given in relation to the laying and construction of railway tracks, etc., confers the power upon the city council "to regulate or prohibit the blowing of locomotive whistles within the city, to direct the use and regulate the speed of locomotive engines in said city, or to prevent or prohibit the use or running of the same within the city." And section 85 of the same charter provides that—

"The city council shall have power to pass, publish, amend, or repeal all ordinances, rules, and police regulations not contrary to the constitution of this state, for the government, peace, and order of the city; * * * to enforce the observance of all such rules, ordinances, and public regulations; and to punish violations thereof by fines, penalties, and costs."

Under the powers granted in these ordinances, we are of the opinion that this assignment of error is not well taken, for it seems perfectly competent under the power expressly given to direct the use and regulate the speed of locomotive engines in said city, and to prevent or prohibit the use or running of the same within the city, to prevent or to prohibit the running of an engine without a bell attached thereto being rung before starting, and all the time the same shall be in motion. On the whole case, we find no reversible error on the part of the circuit court, and the judgment complained of is therefore affirmed, with costs.