## UMHAU et al. v. BAZZURO et al.

No. 8062.

United States Court of Appeals for the District of Columbia.

Argued Oct. 6, 1942.

Decided Nov. 23, 1942.

---

[2] Italics supplied.

Mr. Robert C. Handwerk, of Washington, D. C., for appellants.

Mr. Louis Ottenberg, of Washington, D. C., with whom Messrs. Edwin Shelton and H. Max Ammerman, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

The appellants are contending that the District Court erred in denying them a prescriptive easement over the appellees' land. As a result of the proceedings on a motion ancillary to this appeal, the parties have agreed to stand on the factual findings of the District Court. The appellants maintain that their position is sustained, as a matter of law, by those findings. We are accordingly limited in our inquiry to their legal consequences.

Prior to 1919, appellants' father and predecessor in title was the owner of certain land extending between Sherman Avenue and Ninth Street, N. W., in the District of Columbia. In 1913, the father subdivided that portion of the land fronting upon Sherman Avenue into eight lots, improved these lots with a group of small dwellings, and dedicated a fifteen-foot strip of the rear of each of the eight lots to the District of Columbia as an alley. The alley was isolated, with no provided outlet or means of egress from either terminus to the surrounding streets. The eight houses have been continuously and separately leased to various tenants since their erection.

Adjoining the appellants' northernmost lot and extending from Sherman Avenue to Ninth Street is the land of the appellees, acquired in 1919 by Michael P. Bazzuro, who conveyed in 1936 to himself and his wife as tenants by entireties. This land blocks the northern end of the aforesaid alley. Appellants' tenants, for their own purposes and from time to time since 1913, made use of the appellees' land to walk between the northern terminus of the alley and Sherman Street. When, in 1923, the appellee Michael P. Bazzuro improved and graded his land to the level of Sherman Street and erected a machine shop in the rear thereof, some of the appellants' tenants from time to time drove vehicles over the front of appellees' land to and from the alley. Sometimes the appellees gave them permission to do so and at other times the way was used despite their refusal to permit it. In 1939, appellees, upon receiving a permit from the District of Columbia, erected upon their land a high wire fence across the northern end of the said alley. The appellants asked that the District Court decree that a right of way or easement by way of prescription existed over the appellees' land.

In dismissing the complaint, the Court held: "* * * this occasional use by certain of the tenants from time to time is not in my opinion sufficient to show that

open, notorious, continuous and adverse use necessary to create title or right by adverse possession."

Effective user to establish a prescriptive easement must be open, notorious, exclusive, continuous, and adverse.[1] If several successive users are relied upon to span the statutory period, then it must be shown that a privity existed between the persons exercising the users.[2]

While appellants can claim a privity of title to their lots for more than fifteen years, they do not assert that their own acts or those of their titular predecessors have acquired the alleged way over their neighbors' land. Appellants rely solely upon the acts of the successive tenants. There is no finding, however, that the right of way was mentioned or included in any of the appellants' leases or that any representations were made to any of the tenants relative thereto; nor is there any other finding which would indicate that the user was made under color of the lease.[3] It cannot be said, under these circumstances, that the acts of the tenants inured to the benefit of the appellants.[4] In order to ripen into title, the adverse user must be of such character that an action for trespass might be maintained therefor.[5] Here no action lay against the appellants for the trespasses of their tenants. Any adverse user that may have been made would benefit only the particular tenant. There was no privity of estate between the successive tenants.[6]

Conceding, arguendo, that the appellants could derive a prescriptive right through the user of their tenants in this instance, and that the user of the successive tenants could be tacked, we find nevertheless that such user was not of the character which is necessary to establish the contended right of way. To effect an easement the user must be accompanied by an assertion of a right to do the same without regard to the wishes of the owner of the land. It must be adverse to the interests of the owner under such circumstances as to indicate that it was claimed as of right.[7] It was found that the various tenants did sometimes exercise the user in this wise. It has also been determined, however, that the tenants often asked permission to traverse the way. A user of this character is not consistent with a claim of right exercised against the interests of the owner. He who would walk his own pathway does not ask his neighbor's leave. If ever any adverse user was practiced, the continuity thereof was broken with each such request.[8] The proposition that permissive user can never ripen into a prescriptive title is elementary.

The use of the appellees' land appears to have been allowed as a friendly accommodation, a mere privilege or license, with no intent on the part of the tenants to assert or to acquire any right thereto. In Stewart v. Andrews,[9] it was held that a user of the type here involved, being a mere neighborly act, with no intent on the part of the tenant to claim adversely, and no intent on the part of the owner to surrender, could not ripen into an easement even though no permission had ever been asked.

Clearly, the findings were sufficient to support the conclusion of the District Court. The judgment is affirmed.

---

[1] Reid v. Anderson, 13 App.D.C. 30.

[2] Reid v. Anderson, supra, note 1; Doswell v. De la Lanzo, 20 How. 29, 15 L.Ed. 824.

[3] Deregibus v. Silberman Furniture Co., 121 Conn. 633, 186 A. 553, 105 A.L.R. 1183.

[4] Deregibus v. Silberman Furniture Co., supra note 3; Bayne v. Brown, 60 Or. 110, 118 P. 282; Holmes v. Turner's Falls Lumber Co., 150 Mass. 535, 23 N.E. 305, 310, 6 L.R.A. 283; Capps v. Merrifield, 227 Mich. 194, 198 N.W. 918.

[5] Elwell v. Barbrick, 279 Mass. 272, 181 N.E. 184; Capps v. Merrifield, supra note 4.

[6] Elwell v. Barbrick, supra note 5.

[7] Rose v. City of Farmington, 196 Ill. 226, 63 N.E. 631; Berea College v. Burnell, 111 S.W. 332, 33 Ky.Law Rep. 796; Bartrug v. Edgell, 80 W.Va. 220, 92 S.E. 438.

[8] Smith v. Vermont Marble Co., 99 Vt. 384, 133 A. 355; Weed v. Keenan, 60 Vt. 74, 13 A. 804, 6 Am.St.Rep. 93; Monmouth Canal Co. v. Harford, 1 Cromp. M. & R. [Ex.] 613, 631.

[9] 239 Ill. 186, 87 N.E. 864.