144

**MARZO et al. v. SEVEN CORNERS REALTY, Inc., et al.**

No. 9737.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 4, 1948.

Decided Nov. 15, 1948.

Mr. J. Richard Earle, of Washington, D. C., for appellants.

Mr. James C. Wilkes, of Washington, D. C., with whom Mr. George A. Glasgow, of Washington, D. C., was on the brief, for appellees.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

The principal question is whether the grant to appellants and acceptance by them, in a deed of a dwelling house, of "a right of way for a foot path * * * 2 feet in width," prevented them from acquiring by alleged necessity the right of way 10 feet in width that they claim in this suit. The deed provided that the right of way granted should "be used only, if, and so long as the highway called Peabody Street shall be closed, discontinued, abandoned or cut off from communication from Brightwood Avenue." Tuckerman Street has since been opened in about the location formerly contemplated for Peabody Street, except that appellants' lot is separated from Tuckerman Street by a narrow gore, varying in width from zero to 2.52 feet, that belongs to persons who are not parties to this suit.

Appellants "having accepted the conveyance of this lot, with a restricted right of way, [are] barred from claiming a larger way as a necessity." Haskell v. Wright, 23 N.J.Eq. 389, 396. Cf. Tiffany, Real Property, 3d Ed., § 793, pp. 290, 291. Whether probable intentions of grantors and grantees, or prevention of hardship, be the reason for "ways of necessity," the reason fails here. Appellants and their grantors did not leave their intentions in doubt. There is no claim that they inadvertently described, in their deed, a narrower way than they intended to describe. Though necessity has not diminished, as the parties to the deed apparently thought it would, neither has it increased. It does not appear that the 10-foot way appellants now demand, to which no grantor has agreed and for which no grantee has paid, would inflict less hardship on appellees than appellants now suffer from lack of it. The demanded way would be some 217 feet long. It would be a most serious encroachment on appellees' lot. On the other hand appellants, for all that appears in their complaint, may be able to acquire on reasonable terms a right of way across the narrow and practically worthless gore that separates them from Tuckerman Street. They have sometimes rented this gore, or a way over it, for $12 a year.

██ Appellants' complaint makes some attempt to claim that they acquired a 10-foot way by prescription; but it alleges use of a winding 2-foot way rather than a 10-foot way, and does not allege that even this use was adverse. Umhau v. Bazzuro, 76 U.S.App.D.C. 394, 133 F.2d 356.

The District Court was therefore right in granting appellees' motion for summary judgment.

Affirmed.