Claudia S. JOHNSEN, Appellant,

v.

Mrs. C. Phelps CROSBY, Appellee.

No. 15718.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 18, 1960.

Decided Dec. 15, 1960.

Albert Brick, Washington, D. C., with whom Samuel Intrater, Washington, D. C., was on the brief, for appellant.

Rufus King, Washington, D. C., with whom Downey Rice, Washington, D. C., was on the brief, for appellee.

Before Mr. Justice REED, retired,* and WILBUR K. MILLER, Chief Judge, and DANAHER, Circuit Judge.

PER CURIAM.

Mrs. C. Phelps Crosby sued to enjoin Claudia S. Johnsen from obstructing or interfering with the normal use of a four-foot passway extending from the rear of the latter's premises on Massachusetts Avenue to Que Street. She alleged she and her predecessors in title to a Que Street parcel adjacent to the alleged passway had used it for more than twenty years adversely and under a claim of right; that this use had been "continuous, open, notorious, uninterrupted, exclusive, peaceful, and with knowledge and acquiescence of the owners of lot 30 [the servient estate], during said period until in or about the month of June, 1954, when the defendants erected or caused to be erected a fence obstructing and closing said right of way, over the protest of the plaintiff and causing the plaintiff to suffer irreparable injury."

After hearing evidence, the District Judge made factual findings which justified his holding that, prior to 1954, "there was a sufficiently continuous use of the alley for a sufficiently long period of time to establish the prescriptive right in the owner and occupant of 2008 Que Street [Mrs. C. Phelps Crosby] of a right-of-way through that alley."

The owner of the servient estate appeals. We are of the view that the evidence as a whole gives substantial support to the trial judge's findings. His judgment, which logically followed those findings, must be upheld.

Affirmed.

DANAHER, Circuit Judge (concurring separately).

The trial judge found established by a preponderance of the evidence that there had been "a sufficiently continuous use of the alley for a sufficiently long period of time to establish the prescriptive right" claimed by the appellee. His findings have not been shown to be clearly erroneous. He concludes, in effect, that user was "open, notorious, exclusive, continuous, and adverse." Umhau v. Bazzuro, 1942, 76 U.S.App.D.C. 394, 396, 133 F.2d 356, 358, and I vote to affirm accordingly.

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.C.