**METROPOLITAN NATIONAL BANK, James M. Oberlies, and Robert E. Ryan, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. S88–0540(R).**

United States District Court, S.D. Mississippi, S.D.

July 7, 1989.

Woodrow W. Pringle, III, Gulfport, Miss., for plaintiffs.

William D.M. Holmes, Trial Atty., Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on a Motion for Summary Judgment by plain-

tiffs Metropolitan National Bank, James M. Oberlies and Robert E. Ryan asking that this Court enter judgment, cancelling a federal tax lien of the defendant and quieting title to certain property in the plaintiffs. The defendant United States of America (hereinafter "USA") through its agency, Internal Revenue Service (hereinafter "IRS"), filed its Motion for Partial Summary Judgment in which the defendant moves this Court to deny plaintiffs' Motion and adjudge that the parcels of real property, which are the subject of this proceeding, are encumbered by federal tax liens. The defendant further moves this Court that said federal tax liens be foreclosed against the parcels of real property and that these parcels be sold and the proceeds of sale necessary to satisfy the outstanding balance of the federal tax liens be distributed to the USA.

## UNCONTROVERTED FINDINGS OF FACTS

On February 23, 1978, and for some time before this date, the property which is the subject of this cause was owned by Weaver and Sons, Inc. The property, as a whole, is described as follows:

> The South Twenty feet (S 20′) of Lot Five (5), all Lot Six (6), the North Five feet (N 5′) of Lot Seven (7), the South Twenty feet (S 20′) of Lot Seven (7), all of Lots Eight (8), Nine (9), Ten (10), Twenty-one (21), Twenty-two (22), Twenty-three (23), Twenty-four (24), and Twenty-five (25), Block Twenty-eight (28), ORIGINAL GULFPORT, according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 11, Page 9 thereof.

On February 23, 1978, Weaver and Sons, Inc., by its president, S. Albert Weaver, executed a deed of trust in favor of First State Bank and Trust (now known as Metropolitan National Bank) in the amount of $400,000.00, and which deed of trust was

secured by the above described property.[1] The deed of trust was acknowledged by Robert L. Taylor who, as trustee under the terms of the deed of trust, was not a proper officer to acknowledge the deed of trust. The deed of trust was filed for record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, on February 24, 1978, and recorded in Deed of Trust Book 812, page 82.

On February 23, 1987, March 2, 1987, March 9, 1987, March 16, 1987, and June 2, 1987, assessments for unpaid federal withholding, Federal Insurance Contributions Act (FICA) and Federal Unemployment Tax Act (FUTA) taxes were made against Weaver and Sons, Inc. and notices of federal tax liens, resulting from these assessments, were enrolled with the Clerk of the Chancery Court of Harrison County, Mississippi, on May 7, 1987, and August 27, 1987. The unpaid balance of these assessments amount to $195,621.61, plus interest and statutory additions as provided by law.

On March 8, 1988, Weaver and Sons, Inc., by its president, S. Albert Weaver, executed a corrected deed of trust in favor of First State Bank and Trust in the amount of $400,000.00 which was secured by the hereinabove described property. The corrected deed of trust was properly acknowledged and recorded March 9, 1988, in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Deed of Trust Book 1231, Page 669. Weaver and Sons, Inc. defaulted in payment of the deed of trust and corrected deed of trust and subsequently filed a Chapter 7 bankruptcy proceeding.

At the time Weaver and Sons, Inc. defaulted on the deed of trust and promissory note to Metropolitan National Bank, Weaver and Sons, Inc. owed the sum of $268,-833.55.

Pursuant to an Agreed Order Abandoning Collateral and Lifting Stay issued by the United States Bankruptcy Court for the Southern District of Mississippi, Metropolitan National Bank was authorized to repos-

---

**1.** The deed of trust sets out the property which is the subject of this cause as Parcels A, B & D with a Parcel C which is not a part of this cause.

sess and liquidate the collateral of Weaver and Sons, Inc., and hence the subject property was foreclosed upon.

Metropolitan National Bank, through its trustee, Robert L. Taylor, began foreclosure proceedings under the terms of the deed of trust. Notice of foreclosure was posted in the Harrison County Courthouse in the First Judicial District of Harrison County in Gulfport, Mississippi, and published in the Sun Herald Newspaper on March 25th, April 1st, April 8th and April 15, 1988. In addition to the foregoing notices, Metropolitan National Bank forwarded a Notice of Foreclosure to the IRS by certified mail.

The foreclosure sale was held April 19, 1988. At the foreclosure sale, Metropolitan National Bank purchased the following property:

PARCEL 1: The South Twenty feet (S 20') of Lot Five (5), All of Lot Six (6), and the North Five feet (N 5'), of Lot Seven (7), Block Twenty-eight (28), ORIGINAL GULFPORT, according to the official map or plat thereof on file and of record in the office of the chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 11, Page 9 thereof.

PARCEL 2: Lots Twenty-one (21), Twenty-two (22), Twenty-three (23), Twenty-four (24), and Twenty-five (25), Block Twenty-eight (28), ORIGINAL GULF-PORT, according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 11, Page 9 thereof.

Metropolitan National Bank paid $31,-500.00 for Parcel 1 and $72,100.00 for Parcel 2.

During the foreclosure sale on March 19, 1988, Robert E. Ryan purchased a portion of the property, described as follows:

The South Twenty feet (S 20') of Lot Seven (7) and all of Lots Eight (8), Nine (9), and Ten (10), Block Twenty-eight (28), ORIGINAL GULFPORT, according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 11, Page 9 thereof.

Mr. Ryan paid $31,000.00 for said property.

Metropolitan National Bank, after the foreclosure sale and after obtaining its Trustee's Deed, conveyed a portion of its property to James M. Oberlies, said property is described as follows:

Lots Twenty-one (21), Twenty-two (22), Twenty-three (23), Twenty-four (24), and Twenty-five (25), Block Twenty-eight (28), ORIGINAL GULFPORT, according to the official map or plat thereof on file and of record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 11, Page 9 thereof.

The defendant, through the IRS, took no action to stop the foreclosure, prevent the sale of the property to the bank or the individuals named herein, nor did it bid at the foreclosure sale. After the conveyances to the bank and the individuals stated hereinabove, the defendant, through its agency, IRS, claimed that its federal tax liens filed May 7, 1987, and August 27, 1987, were entitled to priority over the deed of trust given by Weaver and Sons, Inc. to First State Bank and Trust Company, subsequently Metropolitan National Bank, said instrument being dated February 23, 1978.

## CONCLUSIONS OF LAW

The plaintiff Metropolitan National Bank is a bank institution doing business in the State of Mississippi; plaintiffs Robert E. Ryan and James M. Oberlies are both adult resident citizens of Harrison County, Mississippi; and the defendant is the United States of America through its agency, the IRS. Jurisdiction of this Court is pursuant to 28 U.S.C. § 2410.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *St. Amant v. Benoit*, 806 F.2d 1294 (5th Cir.1987). It

is the law that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

In determining what constitutes a "genuine" issue, the Fifth Circuit has stated that:

[A]n issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted).

The United States Supreme Court further stated in *Liberty Lobby* that as to materiality, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Supreme Court has noted that the standard for summary judgment mirrors the standard for a directed verdict, the main difference between the two being when they are used, as the inquiry under each is the same. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Barebones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard, et al. v.*

*City of Greenwood, Miss., et al.,* 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 845 (5th Cir.1983).

The plaintiffs assert that the sole determinative question in this case is the priority of the lien of Metropolitan National Bank, through its deed of trust as against that of the defendant, USA through its tax liens. While this Court would agree with this as a summary, the Court finds the following issues dispositive:

*I. Is the acknowledgment by a trustee of a deed of trust a latent defect which imparts constructive notice to creditors and subsequent purchasers for value?*

█ It is uncontested that the deed of trust of February 23, 1978, was improperly acknowledged and ineligible for recordation as required by the provisions of Mississippi Code Annotated, § 89–5–1 (1972), wherein it is stated:

A conveyance of land shall not be good against a purchaser for a valuable consideration without notice, or any creditor, unless it be acknowledged by the party who executed it, or be proved by one or more of the subscribing witnesses to it that such party signed and delivered the same as his or her voluntary act before some officer authorized to take such acknowledgment or proof; and a certificate of such acknowledgment or proof shall be written upon or under the conveyance, and be signed by the officer before whom it was made, and be lodged with the clerk of the chancery court of the county in which the lands are situated to be recorded; but after filing with the clerk, the priority of time of filing shall determine the priority of all conveyances of the same land as between the several holders of such conveyances.

Having been filed and recorded, notwithstanding the defective acknowledgment, is the defect in this case apparent on the face of the deed of trust as is maintained by defendant USA, or does plaintiffs' argument that "one without legal knowledge

would not know Mr. Taylor was not a proper officer before whom the acknowledgment could be taken" persuade this Court that the defect was latent?

The plaintiffs cite this Court to no persuasive authority for their contention that legal training is requisite to the discovery of patent defects. The defendant cites *Holden v. Brimage,* 18 So. 383 (1894), wherein it is set forth:

> In *Wasson v. Connor,* 54 Miss. 351, it was said by this court that, "whatever may be said of the receiving for record and recording a deed, it is evident that the taking of an acknowledgment is a quasi judicial act, and cannot be performed by the grantee in the deed. The officer who takes an acknowledgment acts in a judicial character in determining whether the person representing himself to be, the grantor named in the conveyance actually is the grantor. He determines, further, whether the person thus adjudged to be the grantor does actually and truly acknowledge before him that he executed the instrument. By his certificate he makes an official record of this adjudication on these points, which cannot be impeached by himself, and sometimes cannot be impeached by the grantor. *Johnston v. Wallace,* 53 Miss. 331. Inasmuch as no man can be a judge in his own case, it follows that the grantee in a deed can never act as an officer in taking an acknowledgment to the conveyance."

*Id.* at 383.

This Court is of the opinion that in the present case the defect was clearly patent and thus does not afford constructive notice to creditors.

II. *Does a patently defective acknowledged recorded deed of trust afford actual notice sufficient to afford it priority status?*

Mississippi Code Annotated § 89–5–5 (1972) provides:

> Every conveyance, covenant, agreement, bond, mortgage, and deed of trust shall take effect, as to all creditors and subsequent purchasers for a valuable consideration without notice, only from the time when delivered to the clerk to be recorded; and no conveyance, covenant, agreement, bond, mortgage, or deed of trust which is unrecorded or has not been filed for record, shall take precedence over any similar instrument affecting the same property which may be of record, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.

This Court agrees with the plaintiffs that one must interpret the afore stated section with the provisions of Mississippi Code Annotated § 89–5–3 (1972), which provides:

> All bargains and sales, and all other conveyances whatsoever of lands, whether made for passing an estate of freehold or inheritance, or for a term of years; and all instruments of settlement upon marriage wherein land, money, or other personalty should be settled or covenanted to be left or paid at the death of the party or otherwise; and all deeds of trust and mortgages whatsoever, shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded in the same manner that other conveyances are required to be acknowledged or proved and recorded. Failure to file such instrument with the clerk for record shall prevent any claim of priority by the holder of such instrument over any similar recorded instrument affecting the same property, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice. *But as between the parties and their heirs, and as to all subsequent purchasers with notice or without valuable consideration, said instruments shall*

*nevertheless be valid and binding* (Emphasis added).

The plaintiffs cite *Roebuck v. Bailey,* 176 Miss. 234, 166 So. 358 (1936), wherein the Mississippi Supreme Court stated:

An acknowledgment is not essential to the validity of a lien. *Woods v. Garnett,* 72 Miss. 78, 16 So. 390 [ (1894) ], in which it was held that 'one who purchases land after having seen on the records a prior instrument purporting to convey the same land, but not acknowledged or proved, * * * is not a bona fide purchaser without notice.'

*Id.* at 360.

■ This Court agrees with the plaintiffs that, notwithstanding its defective acknowledgment and that it should not have been recorded by the Clerk, the deed of trust provided actual notice to anyone who cared to review the records of the Chancery Clerk.

*III. Does the defectively acknowledged recorded deed of trust which affords actual notice to creditors and subsequent purchasers for value constitute an equitable lien?*

The plaintiffs cite *Amsterdam Lumber, Inc. v. Dyksterhouse,* 586 P.2d 705 (Mont. 1978). In *Dyksterhouse,* Jake Dyksterhouse gave a promissory note, dated April 17, 1973, in the original sum of $40,000.00 to Empire Federal Savings and Loan Association of Livingston. Dyksterhouse had executed a trust indenture to secure the promissory note. The trust indenture given Empire described certain real property purporting to convey ten (10) acres in the trust indenture. The trust indenture was recorded June 6, 1973. At the time of the trust indenture, the State of Montana had a statute that prohibited the conveyance of more than three (3) acres of real property.

Subsequent to the trust indenture to Empire, Jake Dyksterhouse on July 23, 1974, executed a promissory note in favor of Amsterdam Lumber, Inc. in the sum of $22,083.00. Amsterdam began a foreclosure proceeding and foreclosed upon the property listed in its trust indenture. The lower court established the priorities of the mortgage companies, Empire and Amsterdam, and the other creditors of Jake Dyksterhouse. These creditors and the date of their lien include the following:

1. Paul E. Elting, $1,250.00, dated September 25, 1975;

2. Martin Douma, $519.69, dated November 13, 1975;

3. Mountain Supply Company, $1,893.05, dated January 21, 1976;

4. Gallatin Valley Furniture Company, $1,855.75, dated April 8, 1976.

The lower court established that Empire had the first lien over all the parties. The other creditors, except Amsterdam, appealed the judgment of the lower court and contended that Empire's trust indenture was not entitled to first lien status as the trust indenture was in violation of the law and public policy of the State of Montana. The Supreme Court of Montana made the following findings:

1. That the trust indenture was defective.

2. In the case of a defective security interest, the courts will find at least an equitable lien between the parties, to save the lender from an inequitable loss. An equitable lien or an equitable mortgage, arises when there is in existence written evidence of the intent of a grantor to subject real property to a security interest in favor of a lender.

3. The trust indenture in this case became in legal effect an equitable mortgage with all of the legal incidents flowing out from that legal relationship.

4. Reminding that the purported trust indenture transgresses the declared public policy of our State, it is proper for us to consider whether the recording of such instrument is effective to give any notice to subsequent holders of interest in the real property involved. In most instances, the courts hold that instruments executed in violation of statutes which are recorded are not effective to give notice.

5. Therefore, the trust indenture in this case is a defective trust indenture which will be enforced between the parties as

an equitable lien; but the lien of such defective trust indenture is subordinate to the claims of subsequent encumberancers and of judgment-creditors who extend credit subsequent to the date of the instrument, without actual knowledge of the existence of the indenture.

The plaintiffs further assert that the Mississippi Supreme Court recognizes equitable titles and cites *Dodwell v. Rieves*, 74 So. 770 (Miss.1917). The pertinent facts and holdings in *Dodwell* as assessed by Metropolitan are as follows:

Merchants and Farms Bank of Vaiden made a general assignment for the benefit of all its creditors to McDougall. This assignment was made February 21, 1913. The seal of the bank was not affixed to the assignment. A cross-petition was filed by certain creditors of the bank, attacking the validity of the assignment upon various grounds. Among the grounds alleged by the creditors was that the name of the bank was not signed to the assignment nor was the seal of the bank attached thereto, and that the acknowledgment was defective. The lower court set aside the assignment. The Mississippi Supreme Court reversed. Referring to the objection that the seal of the corporation was not affixed to the assignment, the Mississippi Supreme Court stated that the answer seems to be that the unsealed assignment passed the equitable title, which equity will protect. The Supreme Court found that the acknowledgment was not void. The Supreme Court went on to state that if the Assignment had not been acknowledged at all, only innocent purchasers for value without notice would be affected by this omission, and the creditors do not fall within that class. Again, the Mississippi Supreme Court referred to the fact that a subsequent purchaser or party coming after the document in question, who has notice of the questionable document, cannot be granted priority or superior status.

The plaintiffs conclude by citing *Peoples Bank and Trust Co. v. L & T Developers, Inc.*, 434 So.2d 699 (Miss.1983) wherein it is set forth:

Even a federal tax lien may be extinguished by a power of sale foreclosure in Mississippi. *United States v. Boyd*, 246 F.2d 477 (5th Cir.1977).

In the *Boyd* case the federal tax lien was junior in right to the first mortgage lien. Citing *Sims v. Hundley, supra*, [47 U.S. (6 How.) 1, 12 L.Ed. 319 (1848)]; *Dibrell v. Carlisle*, 48 Miss. (6 Morris) 691 (1873); and *Hubbard v. Massey*, 192 Miss. 95, 4 So.2d 230 (1941), the court of Appeals correctly stated the Mississippi law as follows:

> The result is that when a mortgage has been validly foreclosed by a non-judicial sale under a power, it is the consequence of such prior lien and the right of enforcement under it which destroys the junior encumbrance whether it be a private or federal tax lien. 246 F.2d at 483–484.

*Id.* at 709.

After careful analysis of the facts and law, this Court concludes that the plaintiffs' Motion for Summary Judgment should be granted and the defendant's Motion for Partial Summary Judgment should be denied.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Motion of the plaintiffs Metropolitan National Bank, James M. Oberlies and Robert E. Ryan for Summary Judgment is hereby GRANTED; and that the defendant United States of America's Motion for Partial Summary Judgment is hereby DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that judgment shall be entered in accordance with the foregoing Memorandum Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Court, Southern District.

SO ORDERED AND ADJUDGED.