I. B. ROSENTHAL *et al.*, composing firm of I. B. ROSENTHAL & CO., AND A. KRAMER *et al.*, composing firm of KRAMER & LOTH, Appellants, v. L. E. GREEN, Garnishee, ISIDORE SCHNITZER, Defendant, NATHAN FRANK AND DAVID P. DYER, Interpleaders and Respondents.

### St. Louis Court of Appeals, May 31, 1889.

1.  **Voluntary Assignments.**  A transfer by an insolvent of a judgment in his favor, if made in trust to secure first the transferee, who is a creditor, and next, *pro rata*, other debts owing by the insolvent, is, after the satisfaction of the claim of the transferee, a voluntary assignment within the meaning of the statute regulating voluntary assignments.

2.  ———.  The fact that such assignment is neither recorded nor acknowledged does not render it invalid.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*David Goldsmith*, for the appellants.

The transfer or assignment of judgment made to Dyer and Frank was a voluntary assignment within the meaning of the statute. *Manny v. Logan*, 27 Mo. 528; *Mills v. Williams*, 31 Mo. App. 447; *Britton v. Lorenz*, 45 N. Y. 51; *Bonns v. Carter*, 20 Neb. 566; *Wallace v. Wainwright*, 87 Pa. St. 263; *Dickson v. Rawson*, 5 Ohio St. 218; *Nat. Bank v. Trust Co.*, 11 Phila. 510.

Being so, it was void as against the plaintiffs and Kramer & Loth, who were attaching creditors, because it was neither recorded nor acknowledged as required by the statute. *Hardman v. Bowens*, 39 N. Y. 196 ; *Britton v. Lorenz*, 45 N. Y. 51; *Adler v. Lange*, 21 Mo. App. 519; *Rindleman v. Willard*, 15 Mo. App. 381, 382; *Eppright v. Nickerson*, 78 Mo. 485 to 487; *Decombes v. Wood*, 91 Mo. 196; *Zimmerman v. Willard*, 114 Ill. 364; Burrill on Assignments [ 5 Ed. ] p. 377, note 2; Maxwell on Statutes, p. 450; Endlich on Interp. of Stat., sec. 431. If the transfer to Messrs. Dyer and Frank be not an assignment within the purview of the statute, it is invalid under the evidence for two reasons, viz. :    (1 ) Because there was no evidence of the existence of any indebtedness to the parties named therein ( excepting of course Messrs. Dyer and Frank, whose claim has been paid, and Messrs. Kramer & Loth, who attached the fund). *Crow v. Tevis*, 5 Mo. 484; *Hughes v. Ellison*, 5 Mo. 463; *Brown v. Knox*, 6 Mo., pp. 315, 316. ( 2 ) Because there was no acceptance by the beneficiaries prior to the garnishment. *Ridge v. Olmstead*, 73 Mo. 578; *Gage v. Parry*, 69 Ia. 605; *Kelly v. Roberts*, 40 N. Y. 432; *Gibson v. Rees*, 50 Ill. 399, 401; *Scott v. Percher*, 3 Merivale, 651; *Welch v. Sackett*, 12 Wis. 243; *Oxnard v. Blake*, 45 Me. 602; *Bell v. Bank*, 11 Bush. 34.

*Nathan Frank*, for the respondents.

The process of garnishment cannot issue against the garnishee in this case, L. E. Green. He was a judgment debtor in a judgment against himself, obtained in the circuit court of the United States for the eastern district of Missouri. Waples on Attachment, p. 597. The judgment debtor L. E. Green in this case is one of the attaching creditors in this case being a partner of I. B. Rosenthal & Co., and is consequently suing himself, and this is not permissible. The assignment of the judgment to Dyer and Frank was not an assignment for the

benefit of creditors under the voluntary assignment act of the state of Missouri. But if it was, it seems to us, that is the end of the case. The parties mentioned in the assignment are presumed to have assented to it; there are no burdens attached to them, and, where there is no stipulation in an assignment for the benefit of creditors which is not for their benefit, their assent will be presumed. *Duval v. Raisin*, 7 Mo. 449. It is not necessary to the creation of a trust in favor of any one that the party named in the trust should either be a party or assent to it. If the trust be for his benefit, the law presumes his assent to it till the contrary is shown. Burrill on Assignments, secs. 264, 351; *Rindleman v. Willard*, 15 Mo. 381, 382; *Douglass v. Cissna*, 17 Mo. App. 44; *Bascomb v. Rainwater*, 30 Mo. App. 433. If the instrument in question is a deed of assignment, then the plaintiffs have no right of attachment, unless there is actual fraud and their proper remedy as laid down in a number of Missouri cases is to come into the assignment and share *pro rata* with all other creditors. *Crow v. Beardsley*, 68 Mo. 435; *Hardcastle v. Fisher*, 24 Mo. 70; *Ring v. Ring*, 12 Mo. App. 88; *Sexton v. Anderson*, 95 Mo. 373, p. 382; *Mills v. Williams*, 31 Mo. App. 447, 458, 460; *Smith & Keating Co. v. Thurman*, 29 Mo. App. 187.

BIGGS, J., delivered the opinion of the court.

This is a litigation between the appellants in two attachment cases, and the interpleaders Nathan Frank and D. P. Dyer.

The parties are contesting their respective claims to a fund of twelve hundred and fifty dollars, paid into court by Lewis E. Green, who was summoned as garnishee in attachment proceedings against one Isidore Schnitzer. The plaintiffs in the attachment suits and the interpleaders were ordered by the court to interplead for the fund, and on the issues, thus formed, there was a

trial before the court without a jury, resulting in a judgment in favor of Dyer and Frank. From that judgment the plaintiffs have appealed.

The two cases were disposed of by one trial in the circuit court, and by consent of the parties but one bill of exceptions was filed which included both cases, and the actions thus consolidated are brought to this court for our determination. We will hereinafter treat the proceedings as one action.

The case was submitted to the court upon an agreed statement of facts. It appears from the statement that Isidore Schnitzer, on the sixth day of October, 1885, recovered a judgment in the United States circuit court for the eastern district of Missouri, against Lewis E. Green for twenty-five hundred dollars. Green was a member of the firm of I. B. Rosenthal & Co. After the rendition of the judgment and on the same day, the following paper was executed by Schnitzer, and by him delivered to his attorneys, Dyer and Frank, to-wit: "Whereas, I, Isidore Schnitzer, of the city of Helena, state of Arkansas, recovered judgment in the circuit court of the United States, eastern district of Missouri, for the sum of twenty-five hundred dollars, damages, against Lewis E. Green, of the city of St. Louis, state of Missouri, as appears by the record of said court. Now, know ye, that I, the said Isidore Schnitzer, for and in consideration of services to me rendered by David P. Dyer and Nathan Frank, attorneys, and in consideration of my indebtedness to J. Meyberg and Rothschild Bros., A. Frankenthal & Bro., Kramer & Loth, Joseph Baum, all of St. Louis; Wald & Son, Cincinnati, Ohio; M. Wolf & Co., of New York; Mrs. L. Ettman, of Friar's Point, Mississippi, have granted and transferred, assigned and set over, and do, by these presents, grant, transfer and assign the said judgment so recovered as aforesaid against said Lewis E. Green to Nathan Frank and D. P. Dyer, aforesaid, in trust to pay them my indebtedness to them for services rendered,

and then they to pay over balance remaining, *pro rata*, to my said creditors above named.    Hereby authorizing said N. Frank and D. P. Dyer to take such proceedings in their or my name as they may see fit to enforce payment of said judgment.

" Witness my hand and seal this sixth day of October, 1885.

"ISIDORE SCHNITZER, (Seal)."

This transfer was noted on the margin of the record of the judgment, and was on the day of its execution filed by Dyer and Frank with the papers in the case. Thereafter Green paid the costs and also paid to Dyer and Frank one-half of the judgment, it being the amount claimed to be due them for services in procuring the judgment.    On the seventh day of October, 1885, Green was summoned as garnishee in the attachment proceedings begun by the plaintiffs against Schnitzer.    Green answered that he had paid one-half of the judgment to Dyer and Frank, and that he was informed that they claimed the remainder as trustees for certain creditors named in a written assignment held by them.    After this, such proceedings were had, that by consent of parties Green paid the balance due on the judgment into court, and the plaintiffs, and Dyer and Frank filed their respective interpleas claiming the fund.

It might be well enough to state in this connection, that the record shows that during the pendency of this proceeding in court room number 3, the Fourth National Bank, another creditor of Schnitzer, instituted a suit in the circuit court, which was assigned to room number 4, against Dyer and Frank, to have the assignment to them of the remaining one-half of the Green judgment declared to be a deed of assignment under the statute for the benefit of all of Schnitzer's creditors.    A trial of this proceeding resulted in a finding that the paper delivered to Dyer and Frank by Schnitzer *was* in effect a general assignment, and Dyer and Frank were

required to qualify as assignees under the statute, which they did.

It was also agreed that Schnitzer was insolvent; that he resided in the state of Arkansas, and that he had no property other than the Green judgment.

Upon these facts it was also stipulated and agreed that the only question to be determined by the circuit court was whether, after the payments made by Green, the assignment to Frank and Dyer of the remainder of the judgment was effective, legal and binding as against the plaintiffs.

The positions assumed by counsel for the plaintiffs are: *First.* That the paper delivered by Schnitzer to Dyer and Frank was, in so far as it attempted to prefer the creditors therein named, other than Dyer and Frank, a deed of assignment under the statute for the benefit of all creditors and should be so construed by the courts. *Second.* That, being a deed of assignment and not acknowledged and recorded, it was not valid or effective as against the plaintiffs who were attaching creditors.

We are inclined to hold with plaintiffs on the first proposition, but cannot consent to the second.

I. The question is, what is the legal character of the written instrument? Is it a bill of sale, or a deed of assignment? The interpleaders contend that it is a bill of sale. We are satisfied that they are correct in so far as the instrument applies to their debt against Schnitzer, because a reasonable construction or interpretation of the instrument would lead to the conclusion, that the transfer was made and accepted as a payment, without any condition or trust, so far as their debt was concerned. But when we consider the assignment as to the disposition to be made of the residue and the language employed, we are led to the conclusion that the application of proper legal tests would render that portion of the written instrument, in effect, a deed of assignment under the statute. If this conclusion is

correct, it follows that the attempt on the part of Schnitzer to give preference to the creditors therein named is nugatory.

We do not think that the fact, that this judgment constituted all of Schnitzer's property, is any reason why the paper should be construed to be a deed of assignment under the statute. This is the construction placed on our statute by the federal court, but this court and the supreme court have declined to adopt this construction. In this state, a debtor may sell all of his property in payment of one particular debt. The supreme courts of other states, having a similar assignment law, have ruled in the same way. *Low v. Wyman*, 8 N. H. 536; *Mer. Man. Co. v. Smith*, 8 N. H. 347; *Barker v. Hall*, 13 N. H. 298; *Brown v. Foster*, 2 Met. 152; *Henshaw v. Summer*, 23 Pick. 446; *Lampson v. Arnold*, 19 Ia. 479. Our conclusion as to the character of the assignment has been reached by what we conceive to be a proper construction or interpretation of the language employed.

To constitute a bill of sale, there must be either a consideration actually paid or agreed to be paid for the property, or it must appear that the assignment was received at a fixed sum, in payment, or part payment, of a debt, and subject to no conditions or trusts. *Mills v. Williams*, 31 Mo. App. 457; *Keiler v. Tutt*, 31 Mo. 306. A deed of assignment is an absolute transfer of property to an assignee in trust, for the purpose of raising funds by a sale of the property to pay debts, and by which the grantor parted with all dominion over the property. *Smith & Keating Imp. Co. v. Thurman*, 29 Mo. App. 191. It must be held that the instrument cannot, from its phraseology, be deemed an absolute bill of sale, because a trust is expressly created in favor of creditors as to the residue of the judgment. But we find no difficulty when we apply to the writing the necessary requisites of a deed of assignment. After the satisfaction of the debt due Dyer and Frank, there was

an absolute transfer of the residue of the judgment to them, *in trust*, to collect and pay *pro rata* to the creditors named. There was no interest in the judgment reserved by Schnitzer.

II. The plaintiffs' counsel urge that, because the instrument was not acknowledged and recorded, it is void as to them. We do not think that our statute governing deeds of assignment will admit of the construction placed on it by the plaintiffs' counsel. It is true that the statute provides that every deed of assignment shall be acknowledged and recorded, but it does not provide that such a deed shall be void or inoperative unless it is acknowledged and recorded. Our statute requires all conveyances of real estate to be acknowledged and recorded, yet no one will pretend that a deed that is not acknowledged or recorded is not good between the parties and those having actual notice of its existence. *Caldwell v. Head*, 17 Mo. 561; *Harrington v. Fortner*, 58 Mo. 468; *Draper v. Bryson*, 17 Mo. 71.

The law governing chattel mortgages cannot be applied, as urged by counsel, because the statute expressly provides that, if possession of the property remains with the mortgagor and the mortgage is not recorded, it is absolutely void as to creditors and purchasers, and that it makes no difference that the party contesting its validity knew of its existence. We have similar statutes in reference to conditional sales of chattels, and gifts and loans of goods and chattels, and these statutes expressly provide that, unless the contracts upon which such rights are based are reduced to writing and acknowledged and recorded, they shall have no validity as to third persons. But no such idea or purpose of the legislature can be gathered from our statute governing assignments.

Plaintiffs rely on *Hardmann v. Bowen*, 39 N. Y. 196, and *Britton v. Lorenz*, 45 N. Y. 51. It was decided in these cases, that the title to property could not

become vested in the assignee under a deed of assignment, until the latter was acknowledged by the assignor as required by statute.   The statute of New York is quite different from ours.   It expressly provides that there can be no *lawful delivery* of a deed of assignment to the assignee until it is acknowledged and the certificate of acknowledgment endorsed thereon.   (Laws, 1860, chapter 348.)

It is admitted that Schnitzer delivered the assignment to Dyer and Frank on the sixth day of October, 1885, and that they accepted the same and agreed to assume the trust imposed; and that the assignment was noted on the margin of the record in the United States court and filed with the papers in the case.   Under this state of facts, we have been unable to find any adjudicated case in this state, that affords any authority for the conclusion that plaintiffs' garnishments take precedence over this assignment.   *Douglass v. Cissna*, 17 Mo. App. 60; *Rindlemann v. Willard*, 15 Mo. App. 380.

The view we have taken of this case, makes it unnecessary to notice or discuss other questions presented.   The right of the firm of Rosenthal & Co. to maintain a garnishment proceeding against Lewis E. Green, a member of the firm, opens a very wide field for judicial inquiry.   Our conclusion on the other branch of the case makes a discussion of this subject unnecessary.

It results that the judgment of the circuit court will be affirmed.   Judge THOMPSON concurs.   Judge ROMBAUER concurs in the result.