## DODWELL ET AL. *v.* REEVES.

[74 South. 770, Division B.]

1. BANKS AND BANKING. *Assignment for benefit of creditors. Act of directors.*

An assignment for the benefit of creditors may be made by the directors of a bank independently of any action by the stockholders.

2. BANKS AND BANKING. *Assignment for the benefit of creditors. Schedule of creditors. Necessity.*

Where the directors of a bank made a general assignment of all its assets for the benefit of all its creditors, the omission to file any schedule of creditors or list of assets was not fatal to the assignment since in such case the only penalty fixed by section 128, Code 1906, is that all preferences under such assignment are void.

3. BANKS AND BANKING. *Assignment for benefit of creditors. Preferences.*

A general assignment for the benefit of all its creditors by a bank through its board of directors which provided for the payment

of attorney fees to a firm of lawyers, one of the members of the firm being a director of the bank, was not invalid as making a preference, the lawyer declining to serve.

4. BANKS AND BANKING. *Assignment for benefit of creditors. Failure to seal. Equitable title.*

A general assignment by a bank for the benefit of its creditors to which the seal of the bank was not affixed, passes an equitable title to the bank's assets which a court of equity will protect.

5. ACKNOWLEDGMENT. *Assignment for the benefit of creditors. Competency of clerk to take.*

The clerk of a bank, though one of its debtors, is not incompetent to take an acknowledgment of a general assignment of its assets for the benefit of its creditors, made by its board of directors.

6. SAME.

If such assignment had not been acknowledged at all, under section 2787, Code 1906, so providing, only innocent purchasers for value without notice would be affected by this omission.

7. BANKS AND BANKING. *Assignment for the benefit of creditors. Preference. Attorney fee.*

Where in a general assignment for creditors there was a provision for the allowance of attorney fees by the chancery court for the services of attorneys in the preparation of the assignment and for service and advice rendered the assignee, this did not create a preference, since such services were essential to the preservation of the estate and the proper administration of the assignee's trust.

### ON SUGGESTION OF ERROR

8. BANKS AND BANKING. *Assignment for the benefit of creditors. Declaration of void character. Effect.*

The assignee receiver for a bank is a trustee to administer his trust for all parties concerned, and does not cease to be assignee, although the assignment be declared void by the court.

9. BANKS AND BANKING. *Assignment for the benefit of creditors. Duty of assignee to represent creditors.*

The assignee receiver is the statutory representative of all persons interested in the administration of the estate and it is his duty to defend a suit questioning the validity of assignment under which he acts.

Appeal from the chancery court of Carroll county.
Hon. James F. McCool, Chancellor.

Suit by J. M. Dodwell and others against J. A.
Reeves, receiver for the Merchants' & Farmers' Bank of
Vaiden. The prayer of the petition that the court in-
structed defendant receiver to prosecute an appeal to
the supreme court from a decree of the chancellor va-
cating an assignment for creditors made by the bank,
was denied, but the court granted an appeal to peti-
tioners.

On February 21, 1913, the Merchants' & Farmers'
Bank of Vaiden, acting through its board of directors,
made a general assignment, without preferences, for
the benefit of all of its creditors, to one McDougal, as
assignee. No schedule was filed with the assignment,
nor was the seal of the bank affixed to the instrument.

The instrument provided that the assignee should
take possession of all the property, and collect all the
accounts, and out of the proceeds should pay all ex-
penses of executing and carrying into effect the trust
imposed, including a reasonable compensation to be al-
lowed by the court for his services and for the services
of attorneys in advising and preparing the assignment,
and for such other services as they might render the
assignee, and that the assignee should, out of the resid-
ue of the proceeds, pay the creditors ratably, etc. On
the following day the assignee filed a petition in the
chancery court praying the approval of the deed of as-
signment, and that all creditors of the bank be made
parties to the proceeding, as required by law. The
court approved his bond, and later, on the 11th of
March, he executed another deed of assignment, con-
taining the same provisions as the former, except that
it purported to correct certain errors and defects in the
first instrument, and on the same date another petition
was filed with the court with similar provisions as those
contained in the former petition. The assignee filed his
schedule on March 5th.

On March 11th a cross-petition was filed by certain creditors of the bank, attacking the validity of the assignment upon the following grounds, to wit: (1) That said assignment was executed without any authority from the stockholders, and at a meeting hurriedly called, and the minutes of which are not dated and signed. (2) That said assignment was filed by the clerk of the chancery court, and was accompanied by any inventory or schedule. (3) That the name of the bank was not signed to said assignment, nor was the seal of the bank attached thereto. (4) That said assignment was acknowledged before J. C. Allen, clerk of the circuit court, and that two of the claims assigned were on notes against said Allen for small amounts, about forty-three dollars each. (5) That said assignee never filed a petition required by section 120 of the Code of 1906, making the bank and all its creditors parties to the petition; that the socalled petition filed by said assignee does not name but one party as defendant thereto, and that is J. O. Ringgold. (6) That the assignment is a preferential one—that is, preferring a debt due to Hill & Coleman for attorneys' fees—and, further, that A. J. Coleman, one of the members of said law firm, was one of the directors who made the assignment, and was thereby as a director making a contract with himself as a member of said law firm, "whose claim was preferred."

The cross-petitioners further alleged that McDougal was a former director of the bank, and was an improper person to serve as assignee, and prayed for the removal and the appointment of a receiver. The assignee and certain of the directors answered, alleging that the assignment was general and without preferences, and intended to convey all the property of the assignor; and the assignee further alleged that he had employed other attorneys in the place of Messrs. Hill and Coleman to advise him in the administration of the affairs of the bank.

The chancellor, upon a hearing in vacation, removed McDougal as assignee, and appointed J. A. Reeves, one of the petitioning creditors, as receiver, and subsequently in term time confirmed the appointment, and vacated and set aside the assignment. Subsequently appellants and others who were depositors and creditors of said bank filed a notice to the receiver, requesting him to prosecute an appeal to the supreme court from the decree of the chancellor vacating the assignment, which the receiver declined to do, and thereupon appellants filed a petition in the chancery court praying that the court instruct the receiver to prosecute such an appeal. The court denied the prayer, but granted an appeal to the appellants.

The sole question before the court is whether or not the assignment made by the bank is valid or invalid, and whether or not the court below was correct in entering a decree vacating and setting aside said assignment.

*McLean & Corruthers*, for appellant.

The first objection urged by the cross petitioners— creditors and minority stockholders—is that said assignment was executed without any authority from the stockholders and at a meeting hurriedly called.

The question has never been passed upon by the supreme court of this state as to whether the board of directors of a corporation has the power to make a general assignment for the benefit of creditors, without having first obtained the authority of the stockholders so to do, but the courts of other states have decided that the board of directors does possess such powers, and such is the modern rule, as will appear from the following authorities: *Robbins* v. *Embry,* Smedes and Marshall's Chancery Reports, page 207; 7 Corpus Juris., page 738, section 510; *Balton* v. *Kentucky Distilleries & Warehouse Co.,* 120 Fed. 338, citing 3 Thomp.

Corp., sec. 3986; 3 A. & E. Ency. Law (2 Ed.), page 24, note 2 and cases cited; 10 Cyc. 1240; also 10 Cyc. 766; 3 A. & E. Enc. Law (2 Ed.), page 23; *Leonard* v. *Hartzler,* 50 L. R. A. (N. S.) 383, 90 Kan. 386, 133 Pac. 570; *Dana* v. *Bank of United States,* 5 W. & S. 223; *DeCamp* v. *Alward,* 52 Ind. 468; *Union Bank* v. *Elliott,* 6 Gill & J. 363; Burrill Assignments, sec. 64; Ang. & Ames. Corp., sec. 191; Morawetz Priv. Corp., secs. 240, 578-9; *Cescombes* v. *Wood,* 91 Mo. 196, 60 Am. Rep. 239, et seq.; 2 Cook on Corp. (5 Ed.), secs. 683 and 684; *Sargent* v. *Webster,* 46 Am. Dec. 743; *State National Bank of St. Louis* v. *Merchants Bank of Grenada et al.,* 83 Miss. 610, et seq.; *Beecher* v. *Marquette,* 45 Mich. 103, 7 N. W. 695; 10 Cyc. 784, note 54.

The second objection urged against the assignment is that the assignment was filed by the clerk and was unaccompanied by any inventory or schedule—the position of the cross-petitioners being that the deed failed because of an imperfect, or want of proper, description of the property attempted to be assigned. The assignment provides as follows: "The party of the first part hereby warrants, sells, conveys, assigns, transfers, and sets over to the party of the second part all of its property, real estate, also all the goods, chattels, bills receivable, bonds, notes, choses in action, books, accounts, claims, demands, books of account, and all property of every name, nature, and description whatever and wheresoever located, the same being fully and particularly enumerated and described in a schedule hereunto annexed marked schedule A."

It is true that the "Schedule A" mentioned was not in fact annexed to the deed of assignment, but what possible difference could this make? What could be more full and complete than the description of the property sought to be transferred, which was all the property owned by the assignor of every name, nature, and description, whatever and wheresoever located? *Cribben* v. *Ellis,* 69 Wis. 337, 34 N. W. 154, et seq.; *Barksdale*

v. *Barksdale,* 92 Miss. 1734, et seq.; 13 Cyc., page 634, par. h.; *Vickham & Pendleton* v. *S. & O. Green,* 61 Miss. 463; 3 A. & E. Enc. Law (2 Ed.), page 45, note 1; *Turner* v. *Jaycox,* 40 N. Y. 470; *Kaufman* v. *Simon,* 80 Miss. 189.

The next objection urged against the assignment is that the name of the bank was not signed to said assignment, nor was the seal of the bank attached thereto.

As to the first part of the objection, we merely call the attention of the court to the wording of the deed of assignment, as follows: "This indenture made this the 21st day of February, 1913, by and between the Merchants' & Farmers' Bank of Vaiden, Mississippi, party of the first part, etc.;" and then to the wording of the signing clause:

"Now by authority vested in us by virtue of a resolution of the board of directors of the Merchants' & Farmers' Bank, we, as the officials and directors of the bank, hereunto set our hands and the seal of said bank, this the 21st day of February, 1913." Then follow the signatures of the various officials of the bank, with their official positions shown opposite their names. The wording of the signing clause shows clearly that the deed of assignment was being signed by the officials of the bank upon behalf of said bank, the assignor.

"To a corporation's assignment for benefit of creditors a notary's certificate that C. President, and M. Cashier, thereof acknowledged that they executed and delivered the same as their voluntary act and deed for the uses and purposes therein contained," held sufficient to certify the corporation's acknowledgment. *Eppright* v. *Nicholson,* 78 Mo. 482.

As to the latter part of the objection, we direct the attention of the court to two recent decisions of our supreme court. "An unsealed deed executed by a corporation, though insufficient to convey the legal title, passes the equitable title which equity will protect."

*Hines* v. *Imperial Naval Stores Co.*, 58 So. 650; *So. Plan Co.* v. *Kennedy Heading Co.*, 61 So. 166, 4 Cyc. 148-149.

We deem no argument necessary to overcome the objection urged against the acknowledgment of the deed of assignment before J. C. Allen, the clerk, on the ground that two of the claims assigned were on notes against said Allen for small amounts. These notes were not given by Allen directly to the bank, but were some which the bank had acquired in the course of business, and Allen at the time he took the acknowledgment, did not know that they were being held by the bank. *Woods* v. *Garnett*, 72 Miss. 78; *Rosenthal* v. *Green*, 37 Mo. App. 272.

The next objection is—that the assignment is a preferential one—that is, preferring a debt due to Hill & Coleman for attorneys' fees, and, further, that A. J. Coleman, one of the members of said law firm, was one of the directors who made the assignment, and was thereby as a director making a contract with himself as a member of said law firm, whose claim is preferred.

This provision cannot be regarded as a preferential assignment for the manifest reason that the debts thereby to be paid are debts incurred in the course of the administration of the assignment, being in the nature of court costs, and this court so held in the case of *Memphis Grocery Co. et al.* v. *J. G. Leach et al.*, 71 Miss. 964; *Ducker & Bros.* v. *Wellhouse & Sons*, 2 L. R. A. (Ga.) 328.

The above are the only objections urged against the validity of the assignment.

*F. M. Glass*, for appellant.

On account of the very able discussion of all the questions by my distinguished associate, Judge McLEAN, by his splendid brief, I shall confine myself to two or three propositions raised in this matter.

The first of these is the contention of appellees that the assignment is void because of the fact that it was executed by the directors of the bank, with its president, and not by the stockholders, at a meeting "hurriedly called." This contention would be well taken if Mississippi had a statute expressly providing that the stockholders of the corporation must assent thereto or if a similar provision had been inserted in the charter. However, as neither provision was made therefor, the matter must rest upon the general law governing same, especially with respect to the control of corporate property by the directors. In this matter, it is shown conclusively that the directors, with the president, executed the assignments at a meeting thereof, duly assembled and organized, at which a quorum was present and a majority thereof—in fact, all—assented thereto, and executed. 5 Thompson on Corporations (2 Ed.), section 6138; *Chamberlain* v. *Bromberg*, 83 Ala. 576, 3 So. 434; 5 Thompson on Corporations (2 Ed.), sec. 6138.

It is urged that the assignments are such as contain a preference to Messrs. Hill & Coleman, the attorneys who prepared the assignments in this matter. This feature of appellee's contentions has been thoroughly discussed by this court in the cases of *Mattison* v. *Judd et al.*, 59 Miss. 99; and *Sellock* v. *Pollock et al.*, 69 Miss. 875, 13 So. 248; *Chambers at al.* v. *Meaut*, 6 So. 465.

Should there be a doubt in the court's mind with reference to the validity of the instrument, the decree should be one holding the assignment valid. *Mattison* v. *Judd et al., supra; Brahmstadt* v. *McWhirter*, 9 Neb. 6, 31 Am. Rep. 396; Ruling Case Law, Vol. 2, Par. 27, p. 669; Ruling Case Law, Vol. 2, Par. 52, p. 701.

We, therefore, respectfully submit that, under this record, the learned chancellor should have held the assignment of Merchants' & Farmers' Bank to be a valid one, and his decree in reversal thereof was fatal error, and ask that this cause be reversed and remanded, for proper procedure in the lower court.

*J. W. Conger,* for appellant.

An attorney's fee for preparation of assignments, which is to be paid reasonably for services rendered by the attorney is not in any sense a preference.  4 Cyc. 165-167 (II.); *Halsey* v. *Fairbanks,* 4 Mason (U. S.), 206, et seq.; Ruling Case Law, Vol. 2, 669; 82 Georgia 129, 2 L. R. A. 328, 69 Mississippi Reports 870, 13 So. 248.

Appellees say that the assignment was executed without any authority from the stockholders, and at a meeting hurriedly called, and that the minutes of the meeting are not dated and signed.

It is not necessary to argue the proposition that is maintained by the appellees that the directors of the bank had no authority to execute the assignment, because it is so well settled that this is itself one of the very powers conferred up the directors of a bank by positive law, unless their powers in this regard be limited by the charter—they do not have to ask the stockholders if they should execute an assignment—it is their duty to do so and do it speedily for the preservation of the estate, an assignment is for preserving all assets by the court—placing the debts and assets in the hands of the chancery court for equitable administration. Further, along this line we find, this: *Duncan* v. *Bank,* 83 Miss. 619, 35 So. 569, 72 Miss. 701, 18 So. 95, 41 L. R. A. 707.

They say that the assignment was filed by the clerk of the chancery court, unaccompanied by any inventory or schedule; and that the name of the bank was not signed to said assignment, nor was the seal of the bank attached thereto.

"A second assignment cures all defects in a former one and if such is its apparent purpose, it will be construed if possible, so as not to conflict in any other particulars with the first assignment."  1 Mackey (D. C.) 190.

If no proper schedule had been filed by the receiver with the clerk, though there was, this would only have avoided preferences, if any there happened to be. They say that the assignment is void because acknowledged before J. C. Allen, circuit clerk of Carroll county, be cause J. C. Allen owed two insurance notes of about forty-three dollars each payable to other parties entirely, and which had without the knowledge of said circuit clerk, been transferred and assigned to the bank outright or for collection. 4 Cyc. 137, et seq.; *Sells* v. *Rosedale Grocery Co.,* 66 Miss. 625, 6 So. 465; 13 So. 811; *Richardson* v. *Marqueze,* 59 Miss. 80; *Craft* v. *Bloom,* 59 Miss. 69; *Baum* v. *Pierce,* 7 So. 548; *English* v. *Friedman et al.,* 12 So. 252; *Hiller* v. *Ellis* (Miss.), 18 So. 95, 13 S. & M. 22; *Arthur* v. *Bank,* 9 S. & M. 394; *Pollock* v. ——, 21 So. 780.

We respectfully ask that the cause be reversed and remanded for further procedure, and in accordance with the principles of equity.

*E. F. Noel,* for appellee.

Failure of assignee's petition to make any one but J. O. Ringgold a party vitiates the assignment. One of the absolute requirements of chapter 8 regulating general assignment of property whose value shall exceed one thousand dollars is that "the assignee or trustee shall, before he enters upon the discharge of his duties, after taking possession, and within twenty-four hours thereafter, file a petition in the chancery court for the administration of the trust. The assignor and all his creditors must be made parties to the petition. Code of 1906, par. 120.

As a basis for this petition section 128 of the Code requires: "With every general assignment there shall be filed, unless the data all appear on its face, at least two schedules. One of them a schedule of liabilities, must set forth, so far as known to the assignor: ' (a)

The name of each of his creditors;    (b) The post office address of each of them;    (c) The sum due each; etc.''

''Both schedules—and if the date be in the face of the deed, then the assignment—must be under the oath of the assignor, avowing the truthfulness of the matters of fact stated.''

No schedules were filed by the assignors either with the assignment or afterwards.

Neither assignments were sworn to, there being no schedules at all, there was no oath at all.  Consequently neither the assignee, clerk of the court, nor any one else was given any guide, other than the general words in the assignment as to what was conveyed and transferred and as to who were the creditors, information the law required to be furnished under oath of the assignor.  The mere filing of the petition with only J. O. Ringgold's name, without stating what connection, if any, he had with the subject-matter amounted to no petition at all; and no legal proceedings at all; and left the property open to attack by creditors by cross petition, attachment, and otherwise.

Title only passes to the assignee when all of the legal requirements of the statute have been complied with. 2 Ruling Case Law, p. 660, sec. 15; 2 Ruling Case Law, p. 678, 9.  If statute is mandatory, the omission to file schedule is fatal.  2 Ruling Case Law, 679; *Turnipseed* v. *Schaffer,* 76 Ga. 109;. *Powell* v. *Kelley,* 82 Ga. 1.

''In some jurisdictions, the omission of a schedule or inventory is *prima-facie* evidence of fraud.''  2 Ruling Case Law, 680, citing authorities; *Wilt* v. *Franklin,* 1 Bin. (Pa.) 502; *Gouldy* v. *Metcalf,* 75 Tex. 455; Under statutes of some states, it has been held that failure to swear to the assignment, invalidates the assignment.  5 Corpus. Juris., 1132, citing N. H. Cases; *Williams* v. *Crocker,* 36 Fla. 61, 18 So. 152; *Weiner* v. *Scales,* 74 Miss. 1, 19 So. 347; *Mahorner* v. *Forcheimer,* 73 Miss. 302; *Bridges* v. *Clay County,* 57 Miss. 252;

*Nebbett* v. *Cunningham*, 27 Miss. 296; *Kimball* v. *Alcorn*, 48 Miss. 148-9; *Foxworth* v. *McGehee*, 48 Miss. 535; *King* v. *Gambrell*, 59 So. 655; *Duff* v. *Snider*, 54 Miss. 245; *Ex parte Cutting*, 94 U. S. 22, 24 L. Ed. 51; *Bridges* v. *Clay Co.*, 57 Miss. 252; *Gibson* v. *Carr*, 91 Miss. 773; *Ex parte Cutting*, 94 U. S. 14, 24 L. Ed. 29; *Ex parte Cockroff*, 104 U. S. 578, 36 L. Ed. 856; *Bayard* v. *Lumbard*, 9 How. 430, 13 L. Ed. 245; *Ind. So. R. R. Co.* v. *Liverpool, Etc., Ins.*, 109 U. S. 168; *Wedding* v. *Meyler*, 66 L. R. A. 84 (n); *King* v. *Woolbridge*, 78 Miss. 179; *Love Manufacturing Co.* v. *Mfg. Co.*, 74 Miss. 290; *Lamb* v. *Russell*, 81 Miss. 380.

I submit that the decree holding that assignment should not be enforced, should be vacated, and should not be reversed.

COOK, P. J., delivered the opinion of the court.

Many of the contentions of appellee have been disposed of by the judgment heretofore rendered in this case overruling their motion to dismiss this appeal. We necessarily held in the disposal of that motion that appellants had an appealable interest, and that the decree of the chancery court, from which this appeal was taken, is a final decree.

In the consideration of the merits, we will notice the main, if not the sole, question presented by the record —i. e., was the trial court right in holding that the general assignment made by the Merchants' &. Farmers' Bank, of Vaiden, invalid?

It appears that the directors of the bank executed the assignment without first having obtained the consent of the stockholders of the bank, and for this reason appellees insist that the assignment was invalid. We note the rule announced in Corpus Juris, vol. 7, p. 738, viz.:

"It is generally held that an assignment for the benefit of creditors may be made by the directors of a bank independently of any action of the stockholders."

There is much authority to support this statement of the law. *Blanton* v. *Kentucky Distilleries Co.* (C. C.), 120 Fed. 338; Thompson on Corporations, section 3989; *Descombes* v. *Wood,* 91 Mo. 196, 4 S. W. 82, 60 Am. Rep. 239; *Tripp* v. *Bank,* 41 Minn. 400, 43 N. W. 60; 10 Cyc. 1040.

The assignment in question is a general assignment of all of the assets of the bank for the benefit of all the creditors of the bank. This is simply directing that the assets be devoted to the payment of all the debts of the bank, without discrimination. The assets of the bank are set apart by law for the payment of its debts, and the assignment merely assigns its assets to prevent active creditors from gaining preferences over those less diligent.

It appears that no schedule of creditors was filed, and this omission appellees insist was fatal. We think not. No schedule or list of the property assigned was annexed to the assignment filed, and this appellees claim was a jurisdictional *sine qua non.* This contention might be sound if the assignment was partial, but when the assignment in the most comprehensive terms places all of its assets, of whatever kind or description, in the hands of the assignee to be converted into money for the benefit of all the creditors of the insolvent corporation, it is thus made plain that nothing is reserved. Upon this particular point the authorities seem to be in conflict, but we believe the authorities holding that an omission to file a schedule does not render the assignment void are sound, and our own court seems to be in line with this view of the law. *Kaufman* v. *Simon,* 80 Miss. 189, 31 So. 713. Besides, the statute (section 128, Code 1906) fixes the exclusive penalty for failure to file with the assignment schedules of assets and creditors. "A general assignment which does not comply with this section shall be void as to all preferences contained in it."

Just here it may be well to note that the assignment was attacked because it provided for the payment of attorney's fees to a firm of lawyers—one of the members of the firm preferred, if it be a preference, being a director of the bank. The statute, it is contended, invalidates this preference. The lawyer named declined to serve.

Referring to the objection that the seal of the corporation was not affixed to the assignment, the answer seems to be that the unsealed assignment passed "the equitable title, which equity will protect." *Hines* v. *Imperial Stores Co.,* 101 Miss. 802, 58 So. 650; *Southern Plan. Co.* v. *Kennedy Heading Co.,* 104 Miss. 131, 61 So. 166. Besides, we gather that the seal was affixed to the assignment when revised.

J. C. Allen, the clerk who took the acknowledgment of the assignment, was a debtor of the bank, and for this reason it is contended that the acknowledgment was void, and the record, or filing of the instrument did not afford notice. Appellee seemed to have discovered that the assignment was made and have rather an intimate acquaintance with its contents, and even were this not so, we do not believe that the clerk, a debtor of the bank was incompetent to take the acknowledgment.

If the assignment had not been acknowledged at all, only innocent purchasers for value without notice would be affected by this omission, and appellees do not fall within that class. See section 2787, Code 1906; *Woods* v. *Garnett,* 72 Miss. 78, 16 So. 390; *Rosenthal* v. *Green,* 37 Mo. App. 272.

Reverting to the provisions in the assignment providing for the allowance of attorney's fees by the chancery court for the services of the attorneys in the preparation of the assignment and for services and advice rendered the assignee, we wish to say that, in our opinion, this is not a preference at all. All of this was essential to the preservation of the estate for the benefit of all creditors and for the proper administration of

the trust imposed upon the assignee. *Memphis Grocery Co. et al.* v. *Leach et al.,* 71 Miss. 964, 15 So. 113.

The energy and diligence displayed by the attorneys for appellees in the prosecution of their clients' claims has made it necessary to consider this record with minute care, and while some of the numerous points made by counsel may not be specifically mentioned in this opinion, they may be assured that all have been considered and overruled. We see no reason why the assignment should be set aside, but every reason demands that the chancery court should proceed to administer this estate and distribute the net assets, ratably, among the credishould be set aside, but every reason demands that the chancery court should proceed to administer this estate and distribute the net assets, ratably, among the creditors of the defunct bank.

*Reversed and remanded.*

### On Suggestion of Error.

This is the third time that the issues involved in this appeal have been argued in this court. First, the point made now that the complainants in the cross-bill are not parties to this appeal was made and ably presented on the motion to dismiss the appeal. The motion to dismiss was overruled. The same point was urged on the merits, and pressed with renewed ardor, and was again overruled. On this suggestion of error counsel return to the charge with unabated dash and energy. We confess that we again take up this point without undue relish.

We think that this court has made it quite plain that the assignee receiver is a trustee to administer his trust for all parties concerned; that he does not cease to be assignee, although the assignment be declared void by the court. *Shoe Co.* v. *Sykes,* 72 Miss. 390, 17 So. 171; *Metcalfe* v. *Bank et al.,* 89 Miss. 649, 41 So. 377. See, also, chapter 8, Code 1906. But it is claimed that cross-petitioners are not made parties to this appeal,

and that their rights are not affected thereby. The facts are, they were parties, and their interests were alone considered.

Let us look at this contention for a moment. It appears that the same attorney who filed the cross-petition in the chancery court is the attorney who appeared here and represented cross-petitioners at every step taken in this case. True, he appears, in form at least, for the assignee receiver, but his entire service has been given to cross-petitioners. We say this because the nominal appellee can have no peculiar reason for guarding the rights of the appellees, unless he believes that it is his duty to represent their interests, and his attitude throughout the case has been in their interests, and properly so, we believe. The statute makes him their representative.

We might set aside all former orders and direct that formal notice be served on appellees to appear and contest this appeal. What would be the result should we adopt that course  Why it is quite evident that the same counsel who has all the time represented them would or should refile his briefs with an addenda to his representative title. They have been here, in fact if not in form, we are quite sure.

As before stated, the assignee receiver is the statutory representative of all persons interested in the administration of this estate, and it happens that his attitude has been hostile to appellants and unswervingly loyal to appellees. Appellees could not ask for another attorney; the receiver has already selected their nominee, and that he has been true to his trust we are ready to testify. We have a well-founded belief that cross-petitioners have been here all the time, not only in spirit, but also in material form. Cross-petitioners have chosen the receiver to represent them in this court, and he employed cross-petitioners' attorney to make sure that their interests were taken care of. The receiver was the nominal party; cross-petitioners were the real parties.