### PRIEST v. WELLS et al.

(Circuit Court of Appeals, Eighth Circuit. July 29, 1922.)

No. 6050.

1. Corporations ⬠565(1)—Services of attorney for corporation held not beneficial to receiver, authorizing compensation.

Where the receiver for a street railway company was represented in certain proceedings by his own attorneys, the appearance in those proceedings of the attorney for the company on behalf of the corporation to protect the rights of the corporation, in the hope that its properties would subsequently be restored to it, was not beneficial to the receiver, so as to entitle the attorney to compensation from the receiver, especially where the principal services were rendered in behalf of the directors, in a suit by a stockholder to hold them liable for malfeasance.

2. Corporations ⬠565(5)—Order appointing receiver directing payment of cost of maintaining corporate existence, including salaries of officers, in absence of proof of services, held not to require payment of corporation's attorney's fee.

A paragraph in an order appointing a receiver for a corporation directing the receiver to pay the cost of maintaining the corporate existence of the company, including the salaries of necessary corporate officers, does not require the payment of the agreed fee to the attorney for the

---

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

corporation, in the absence of any proof that the attorney had rendered services during the receivership to preserve the existence of the corporation.

**3. Corporations ⊕⇒565(6)—Receiver can deny that order of appointment required him to pay fees of attorney.**

The rule that the receiver cannot question any order of the court appointing him does not preclude his denying that an order, whose validity he does not question, required him to pay the fees of the attorney for the corporation as claimed by the attorney, where such claim was antagonistic to the interest of some, if not all, of the parties to the receivership's suit.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity by Samuel W. Adler against the St. Louis Transit Company, and the United Railways Company of St. Louis. A claim by Henry S. Priest against Rolla Wells, receiver of the United Railways Company of St. Louis, and others, was denied, and claimant appeals. Affirmed.

Albert D. Nortoni, of St. Louis, Mo. (G. T. Priest and Boyle & Priest, all of St. Louis, Mo., were with him on the brief), for appellant.

Charles W. Bates, of St. Louis, Mo., for appellees.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. This is an appeal presented upon an agreed statements of facts, pursuant to equity rule 77 (198 Fed. xli, 115 C. C. A. xli). The question involved is the right of the appellant to an allowance for his services as an attorney from the funds in the hands of the receiver. The allowance was denied by the trial court. Appellant was employed by the corporation as general counsel for the street railway system known as the United Railways Company of St. Louis (hereafter called railway company or company), for a period of one year from March 1, 1919, at a salary of $18,000 per annum with an additional allowance for a stenographer's services. His duties were to give advice to the board of directors of the railway company on corporate matters and to do such other work as he might think necessary or such as the board of directors might request. On April 11, 1919, a creditor secured by a mortgage of the railway company's property filed a suit against it, alleging its insolvency and asking for a decree ascertaining the company's indebtedness and administering its property, and on the following day the appellee was appointed as receiver for the company's property. The order appointing the receiver directed him to take possession of all its property, to maintain and operate the railroad, and to manage and conduct the business according to his best judgment. The receiver was authorized to institute and carry on, in his name or in the name of the railway company, any suits deemed necessary in his judgment or in the judgment of his counsel, for the protection of the property and the discharge of his trust and was also authorized to defend or compromise

all claims or suits against him as receiver, and to appear and conduct the prosecution or defense of, or to compromise, any claim, action, or proceeding then pending or thereafter brought in any court or before any department tribunal or commission, to which the railway was or should become a party. He was authorized to pay the current expenses of the administration of his trust, including the salary of all officers, counsel, attorneys, and employés. A further paragraph of the order appointing the receiver and giving him directions as to the conduct of his trust, and the one which is the foundation of this controversy, reads as follows:

"Until otherwise directed, the receiver herein shall pay, out of the funds coming into his hands, the cost of maintaining the corporate existence of the defendant Railways Company, including the salaries (to be fixed by them) of such necessary corporate officers and office rent as may be required and necessary expenses for the preservation of the records of the defendant Railways Company and the transfer of its stocks and bonds, including wages of the necessary clerical help, and the receiver shall make quarterly reports to the court of his disbursements under this paragraph of this order."

Appellant was never employed by the receiver, but claims he was entitled to the amount of his salary (1) by virtue of this section of the order appointing the receiver, and (2) also because his services were of benefit to the receiver, and in such a case appellant says that the court had inherent power to make an allowance, citing the cases of Goodyear Tire & Rubber Co. v. United Motor Car & Supply Co., 89 N. J. Eq. 108, 103 Atl. 471; Dodwell v. Rieves, 114 Miss. 4, 74 South. 770; Burden Central Sugar Refining Co. v. Ferris Sugar Mfg. Co., 87 Fed. 810, 31 C. C. A. 233. The nature of appellant's services are described in the agreed statement of facts as follows:

"Petitioning counsel, after the appointment of the receiver as aforesaid, continued to serve the company's interest in the same capacity as prior to the appointment of the receiver, at the direction of the directors of the United Railways Company. Applicant testified his services were of the reasonable value of the salary fixed. For instance, upon demand of the Union Electric Light & Power Company for an increased price for water-generated power, under the contract for electric power, which was criticized and made the substance of the Seaman bill, the receiver was by authority of the court directed to enter into a contract for the price fixed by the Public Service Commission, being an increase over the price theretofore obtaining, such price to continue for a period of 10 years, and on application of the Railways Company, represented by applicant, the company was authorized and directed to join with the receiver therein; and all the matters pertaining to it were submitted to counsel for the Railways Company and to the board of directors and were approved by them, and it was ordered executed by the Railways Company. Many questions of acquiring additional property looking to the betterment and economy in operation of the railways, selling property, surrendering franchises, and accepting new franchises, and the extension of franchises under power conferred by mortgage on the company, rebuilding tracks, etc., and other matters of like nature, involving an outlay of more than $3,500,000, which were necessary to be done with the aid of the Railways Company, because these extended beyond the period of the possible life of the receivership, many of which were referred to board of directors for assent and action, were examined into and passed upon by petitioning counsel, submitted to the board of directors, and adopted by them, and under the order of the court."

Appellant also attended the hearings before the master in the Seaman Case, referred to below, and presented briefs and arguments on

behalf of the railway company and its directors. The Seaman Case (see Adler v. Seaman [C. C. A.] 266 Fed. 828) was a suit by a preferred stockholder in the railway company against the directors of the company, in which the plaintiff alleged that the board of directors was dominated by other companies engaged in supplying electric power to the railway company, causing it to pay excessive prices for the power, and alleged other acts on the part of the directors tending to render the railway company insolvent and it sought to recover the wasted assets for the company, and the appointment of a receiver pending the suit was also asked.

[1] On the proposition that appellant's services were of benefit to the receiver's estate, it is quite apparent that the general services rendered by appellant were for the benefit of the railway company, and not for the benefit of the receiver. The receiver acted for himself in the matter relating to contracts, franchises, betterments, and other transactions referred to by appellant. If the company found it to its advantage, with the hope and expectation that it would survive the receivership, and again assume control of the property, to join the receiver in seeking extensions of contracts and franchises, or in the making of improvements, or in other operations, it should not seek to cast the burden of the expense upon the receiver for the advantages gained or sought for itself. Appellant admits he was never employed by the receiver, and he therefore knew that his acts must have been on behalf of the company. If any benefit accrued to the receiver, it was merely incidental to the association of the receiver and the company in joint transactions.

It is urged that appellant's services in the Seaman suit especially redounded to the benefit of the receiver, because the validity of the contract under which the railway company received its power was involved, and it was of importance to the receiver that this contract be maintained. There is nothing in the record to support this claim. The allegation of the plaintiff's bill in the Seaman Case charged misconduct of the directors in making a contract at excessive rates, and charged other acts that were alleged to be injurious to the railway company, and the prayer was for an accounting and recovery and for ouster of the offending directors. Neither in the agreed statement of facts nor in the reported opinion in the Seaman Case (Adler v. Seaman [C. C. A.] 266 Fed. 828), which the statement of facts makes a part of the record, does it appear that the defense of this was or might have been for the benefit of the railway company. The reported decision states that the suit was for the benefit of the company (pages 833, 836) and there is nothing to show that the receiver had any interest in the exoneration of the directors, or in the plaintiff's failure to recover; but the record that is presented here does disclose that the receiver would benefit by any recovery or success of the plaintiff in that suit.

[2] Was the appellant entitled to the allowance of his claim because of section 10 of the order appointing the receiver? The order directed the receiver to pay the cost of maintaining the corporate existence of the railway company, including the salaries (to be fixed,

by them) of such necessary corporate officers as may be required. It is not reasonably to be inferred that the court intended to maintain two sets of officers—one consisting of the corporate officers acting at their own will, and at salaries to be fixed by themselves, and the other consisting of the receiver and his assistants, acting under direction of the court, and both conducting the general affairs of the company. The obvious purpose of the reserved power of the corporate officers was to take such necessary action in keeping alive the corporate existence as might be necessary in order to prolong franchises, and to transmit to any reorganization or purchaser the right to continue the business of the railway company. In such affairs the receiver was not properly the party in interest, because the corporate existence continued despite the receivership. The agreed statement of facts does not disclose that appellant did anything toward maintaining the corporate existence of the company. None of the suits or proceedings mentioned appear to have challenged the corporate life, nor were any services rendered by appellant in performing acts required by statute or otherwise as a condition of continued corporate existence, so far as the record shows.

[3] It is also urged by appellant that the receiver is not entitled to contest appellant's claim for compensation, because the receiver may not question any order or decree of the court appointing him. This claim is based upon the mistaken view that section 10 of the court's order authorized the appellant to perform the services which he has rendered at a salary to be fixed by the corporate officers. The receiver does not question the order made by the court, but he denies that appellant is embraced within its terms. The receiver had the right to defend the estate, by a contest of a claim filed for allowance against it, if the claim was antagonistic to the rights of either party to the suit, and appellant, as an intervener for his own interest, was antagonistic to the interests of some, if not all, the parties to this suit. Bosworth v. Terminal Railroad Association of St. Louis, 174 U. S. 182, 19 Sup. Ct. 625, 43 L. Ed. 941.

The decree will be affirmed.